No. 18,861.

AERO SPRAY, INCORPORATED *v*. ACE FLYING SERVICE, INC.
(338 P. [2d] 275)

Decided April 13, 1959.   Rehearing denied May 11, 1959.

Messrs. JONES & MEIKLEJOHN, for plaintiff in error.

Messrs. CRISTIANO & BUGDANOWITZ, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

THE parties appear in this court in the same order as in the district court and we will refer to them as they there appeared, namely, plaintiff in error as plaintiff and defendant in error as defendant. Plaintiff is a Washington corporation and defendant is an Oregon corporation. Neither is authorized to do business in the State of Colorado.

The complaint in the trial court contains allegations of the corporate existence of the parties, and that:

"Defendant is indebted to Plaintiff in the amount of Sixteen Thousand Three Hundred Ninety-Five Dollars and Seventy-nine Cents ($16,395.79).

"Defendant has failed and refuses to pay said amount, and although demand has been made upon it for payment, Defendant still fails to pay said amount."

An affidavit in attachment filed in said action contains, inter alia, the following:

"2. That Defendant, Ace Flying Service, Inc., against whom a Writ of Attachment herein is sought, is justly indebted to the Plaintiff in the sum of Sixteen Thousand Three Hundred Ninety-five Dollars and Seventy-nine Cents ($16,395.79).

"3. That the nature of said indebtedness is for goods sold and delivered by the Plaintiff to the Defendant, on open account. Prior to July 11, 1958, Plaintiff had sold said merchandise to the Defendant in the total amount

of Twenty One Thousand Three Hundred Ninety-five Dollars and Seventy-nine Cents ($21,395.79). Defendant paid the sum of Five Thousand Dollars ($5,000.00) to the Plaintiff on July 11, 1958, leaving a balance due and payable on said account in the amount of Sixteen Thousand Three Hundred Ninety-five Dollars and Seventy-nine Cents ($16,395.79).

"4. The Defendant is a foreign corporation, organized and existing under and by virtue of the laws of the State of Oregon, and said Defendant has a principal office at McNary Field, Salem, Oregon."

The State of Colorado was, and is, indebted to defendant in the sum of $16,286.32. Writ of attachment and garnishee summons in aid thereof was served upon E. G. Spurlin, the state controller, who made answer acknowledging the indebtedness in the total sum above mentioned. The trial court ordered publication and mailing of notice of levy, and, pursuant thereto, service thereof was made upon defendant.

Defendant filed a motion entitled "Special Appearance and Motion to Quash Return of Service and to Quash and Dissolve Writ of Attachment and Writ of Garnishment." This motion alleged that the parties to the action were foreign corporations, neither of which was authorized to do business in Colorado; and further that:

"2. No service of process has been made or has been attempted on the defendant within the State of Colorado.

"3. Service of process has not been made on the defendant in accordance with the provisions of the Colorado Rules of Civil Procedure; and the pretended service of process and the return thereof are completely ineffectual to confer jurisdiction upon this Court.

"4. If the Court attempts to entertain jurisdiction herein, the defendant would be denied equal protection of the laws and would be deprived of its property without due process of law, contrary to the provisions of the

Constitutions of the State of Colorado and of the United States.

"5. By reason of the facts above set forth, no valid service of process has been made, and the Court lacks jurisdiction over the person and property of the defendant."

Upon hearing of this motion the trial court entered the following judgment:

"The Court having this day ordered that judgment be entered in favor of the Defendant and against the Plaintiff, the Court having granted Defendant's motion to quash return of service and to quash and dissolve writ of attachment and writ of garnishment, now filed herein, now therefore;

"IT IS ORDERED, ADJUDGED AND DECREED by the Court that this cause be, and hereby is, dismissed, and that the Defendant go hence hereof and have and recover of and from the said Plaintiff, Aero Spray, Incorporated, its costs in this behalf laid out and expended, to be taxed; and have execution therefor."

Plaintiff brings the cause here for review by writ of error.

The facts pertinent to the questions argued by counsel are admitted to be as follows:

1. A foreign corporation not authorized to do business in Colorado is the plaintiff.

2. A foreign corporation not authorized to do business in Colorado is the defendant.

3. The claim of plaintiff did not arise in Colorado and no performance on the part of either party was required in this state.

4. The State of Colorado is indebted to defendant and has been regularly served as garnishee in attachment proceedings.

5. Service of notice of levy on defendant has been made by publication.

To sustain the judgment of the trial court it is argued by counsel for defendant in error as follows:

"1. The trial court did not have jurisdiction, since there was no personal service in Colorado; and the attempt to confer jurisdiction on the Court by attachment and garnishment under Rule 102 failed, since the action was by one foreign corporation against another foreign corporation on a cause of action arising out of Colorado.

"2. The 'situs of the debt' attempted to be garnisheed in this case is the State of Oregon, since it is an intangible chose in action, and since the Defendant is an Oregon corporation, despite the fact that the garnishee is the State of Colorado.

"3. The doctrine of forum non conveniens should be invoked against the plaintiff, since there is no substantial or legitimate basis for the choice of Colorado as a forum."

The argument of plaintiff for reversal of the judgment is:

1. Foreign corporations can avail themselves of the remedies of attachment and garnishment under the laws and statutes of Colorado.

2. A debt is present within the state for attachment and garnishment purposes whenever the garnishee debtor is present within the state.

3. Plaintiff's choice of forum should not be disturbed by application of the doctrine of forum non conveniens since the instant case is a transitory contract action and there is substantial contact with the state of the forum.

Questions to be Determined.

First: *Can a foreign corporation plaintiff, not qualified to do business in Colorado, proceed in attachment and garnishment in this state and thereby subject personal property, in the form of a chose in action due from a resident to defendant, to payment of a debt which has a foreign origin and which is owing by the foreign corporate defendant to the said plaintiff?*

■ This question is answered in the affirmative. Rule 102(a) R.C.P. Colo. provides in pertinent part:

"The plaintiff, at the time of issuing the summons or

filing the complaint in an action on contract, express or implied, * * * may have the property of the defendant, not exempt from execution, attached as security for any judgment that may be recovered in such action, in the manner prescribed in this rule, * * *."

One of the grounds upon which the writ of attachment may issue is, "That the defendant is a foreign corporation." At no place in the various subsections of the rule governing attachment procedures is there any provision which excludes foreign corporations from the right to make use of the remedies of attachment and garnishment. The rule itself provides the answer and we are not concerned with opinions from courts in other jurisdictions which interpret attachment statutes or rules that are different from our own. A well-considered case in point is that of *Standard Oil Company v. Superior Court,* 44 Del. 538, 62 A. (2d) 454. That case is also reported in 14 A.L.R. (2d) 405, and is followed by an exhaustive annotation. From a study of the cases there cited we are convinced that the rule, applicable to cases where the statute or rule governing attachment is in general terms, is that which authorizes foreign corporations to attach in any jurisdiction in which they find assets of their debtors.

Second: *Did the trial court err in adjudging "that this cause be, and hereby is, dismissed * * *" even though the motion of defendant raised only the question of the sufficiency of service of a notice of levy and did not seek a dismissal of the complaint, but only a discharge of the writ of attachment?*

▮ This question is answered in the affirmative. By dismissing the action the trial court granted relief to the defendant, which was not asked for in its motion. In *Fletcher v. District Court,* 137 Colo. 143, 322 P. (2d) 96, we used this pertinent language:

"We reiterate that mere failure to obtain proper service does not warrant dismissal of the cause of action. It is Hornbook law that a cause of action filed may re-

main so indefinitely pending service of process upon the parties."

See also *Nelson v. District Court*, 136 Colo. 467, 320 P. (2d) 959.

So in the case at bar, the foreign corporation plaintiff having a right to bring an action in Colorado cannot have the action dismissed because of an alleged improper service of process or notice of levy under a writ of attachment issued in the action.

The judgment is reversed and the cause remanded for further proceedings consistent with the views expressed herein.

MR. JUSTICE SUTTON and MR. JUSTICE DOYLE not participating.