486 P.2d 184

FIRST NATIONAL BANK AND TRUST COMPANY, a national banking association, Appellant,

v.

POMONA MACHINERY CO., a sole proprietorship, et al., Appellees.

No. 10332.

Supreme Court of Arizona, In Division.

June 25, 1971.

Rawlins, Ellis, Burrus & Kiewit by Michael S. Milroy and Michael V. Mulchay, Phoenix, for appellant.

Jennings, Strouss & Salmon by Jon L. Kyl and Charles E. Jones, Phoenix, for appellees.

CAMERON, Justice.

This is an appeal from an order of the trial court dismissing the plaintiff's complaint and quashing the writ of garnishment issued therein. We are called upon to determine:

1. Whether a garnishment can give the court jurisdiction as to the amount garnisheed in an action involving a foreign plaintiff, defendant, and debt.

2. Whether the doctrine of forum non conveniens should apply.

3. Whether the Arizona garnishment statute is unconstitutional as applied to non-wage earner debts.

The facts necessary for a determination of this matter on appeal are as follows. The First National Bank and Trust Company, a national banking association with its principal place of business in the State of California, filed this action in Maricopa County Superior Court to collect monies due under the terms of a promissory note given by Pomona Machinery Company, a California sole proprietorship, and guaranteed in writing by Edward D. Testo, the sole proprietor, and his wife, both California residents. At the same time the action was filed, and in aid thereof, there was issued a writ of garnishment directed to the Arizona Bank. Summons and copies of the complaint were served on the defendants by the Sheriff's Office of Los Angeles County pursuant to Rule 4(e) of the Rules of Civil Procedure, 16 A.R.S. The bank by answer admitted an indebtedness to both Pomona and Testos, but in an amount less than the amount allegedly due on the note.

Appellee filed a motion to dismiss for want of jurisdiction over the subject matter, insufficiency of process, lack of jurisdiction over the persons, and failure to state a claim. The motion was granted and appellant herein asserts error. Appellee on appeal counters that even if jurisdiction existed it should not have been exercised as the prejudgment garnishment statute is unconstitutional.

## JURISDICTION

We are first concerned with the jurisdiction over the subject matter of the action. Jurisdiction over the subject matter—the underlying obligation—(i. e., the debt as defined in § 12–1571, subsec. A, par. 2, A.R.S.) is the power to hear and determine cases of the general class to which the particular proceedings belong, i. e., the abstract question. Arizona Public Service Co. v. Southern Union Gas Co., 76 Ariz. 373, 265 P.2d 435 (1953); Tube City Min. & Mill Co. v. Otterson, 16 Ariz. 305, 146 P. 203 (1915). The Superior Court had jurisdiction over the subject matter of

this case and therefore could issue the writ of garnishment. Art. 6, § 6, Arizona Constitution, A.R.S., § 12–123, subsec. B; 6 Am.Jur.2d, Attachment & Garnishment, § 17, p. 573.

Having jurisdiction over the subject matter of the lawsuit does not mean, however, that the court had personal jurisdiction over the defendants in this case. Pursuant to filing the complaint, summons was personally served on both defendants in California pursuant to the Rules of Civil Procedure, 16 A.R.S. As pertinent hereto, Rule 4(e) (1) reads:

"* * * When a defendant is a nonresident of the state * * * summons shall be issued as in other cases and service may be made in accordance with Sections 4(e) (2) or 4(e) (3) of this Rule."

Rule 4(e) (2) is, of course, the longarm rule. However, not all service accomplished pursuant thereto involves in personam longarm jurisdiction or the minimum contacts theory embodied therein, and absent reasons for application of longarm personal jurisdiction (See Liston v. Butler, 4 Ariz.App. 460, 421 P.2d 542 [1967] and Phillips v. Anchor Hocking Glass Corp., 100 Ariz. 251, 413 P.2d 732 [1966]), the rule in Arizona is that there must be personal service within the State to support in personam jurisdiction and judgment:

"In the landmark case of Pennoyer v. Neff [5 Otto 714], 95 U.S. 714, 24 L.Ed. 565, 569, the U.S. Supreme Court made it very clear that jurisdiction is either in personam or in rem; that in order to obtain a judgment in personam it is necessary to serve the defendant within the state; that where such service is not feasible, only a judgment in rem may be obtained; that to obtain a judgment in rem, the res must be found within the state, must be brought within the court's jurisdiction by attachment, garnishment, or some such proceeding directly against the property; and that in such case the 'defendant is not personally bound by the judgment beyond the property in ques-

tion.' Pennoyer's impact has been circumscribed in some ways by International Shoe Company v. ·Washington, Office of Unemployment Comp. etc., 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L. R. 1057 and other cases on the subject, but the above principles are still valid and form the very basis of all courts' jurisdictions." O'Leary v. Superior Court of Gila County, 104 Ariz. 308, 312, 452 P.2d 101, 105 (1969).

■ As to the garnishment itself, the res, and the person of the garnishee, the appellant filed an affidavit stating facts sufficient to authorize issuance of a writ of garnishment upon garnishee—The Arizona Bank—pursuant to 4 A.R.S. § 12–1573.

Thereupon the writ was served personally upon the garnishee in Maricopa County and jurisdiction vested. As we have previously noted:

> "From the above it is evident and conclusive that from the date of service of the writ of garnishment any amount due or found to be due from the garnishee to the defendant is in control of the court * * *." Gillespie Land & Irrigation Co. v. Jones, 63 Ariz. 535, 542, 164 P.2d 456, 459 (1945).

Thus, when the garnishee's answer disclosed an admitted indebtedness to defendants, Pomona and Testo, the court acquired, from the date of the service of the writ, jurisdiction over the res of the account.

■ There being jurisdiction over the subject matter and over the amount garnisheed but no personal jurisdiction over the sheed but no personal jurisdiction over the defendants, we must then determine whether the court in Arizona has jurisdiction in an action wherein we have a foreign plaintiff, foreign defendants, foreign debt, and property in the State subject to garnishment or attachment.

Upon occasion garnishment proceedings have been described as *in rem*, however:

> "While, properly speaking, actions or proceedings *in rem* are against the thing itself, and for the purpose of disposing thereof without reference to .the title of the particular claimants, the term has in a larger and broader sense been applied to certain actions and proceedings between parties, where the object is to reach and dispose of property owned by them or in which they have an interest; but, as these are not strictly *in rem*, they have frequently and more properly been termed *quasi in rem*, or in the nature of actions or proceedings *in rem*." Hook v. Hoffman, 16 Ariz. 540, 557, 147 P. 722, 729 (1915).

By its terms, such is the nature of a § 12–1571, subsec. A, par. 2 garnishment action, where the garnishment is originally ancillary to the main action. See Porter v. Duke, 34 Ariz. 217, 270 P. 625 (1928); 6 Am.Jur.2d, Attachment & Garnishment, § 17, p. 573. As we have previously noted:

> "The effect of the writ of garnishment is, therefore, to impound any asset or property of defendant which is found in the hands of the garnishee pending the resolution of the merits of the garnisher's claim. The writ itself constitutes, at most, a lis pendens notice that a right to perfect a lien on the garnisheed property exists, but such perfection must await judicial action." Kuffel v. United States, 103 Ariz. 321, 325, 441 P.2d 771, 775 (1968).

We hold, therefore, that· the service of process in the instant case was sufficient and operated to provide all the requisites for proceeding quasi in rem. When a writ of garnishment is served in aid of the principle cause, as in this case, it operates to fulfill the due process notice requirement. (See Porter v. Duke, supra, 34 Ariz. at 229, 270 P. 625.)

It has been stated:

> "Clearly, personal service ·of process on a non-resident principal defendant is not required to gain quasi in rem jurisdiction over his property within this State by way of garnishment." Payton v. Swanson (Fla.App.), 175 So.2d 48, 49 (1965). See Annotation, 14 A.L.R.2d 420; Aero

Spray, Incorporated v. Ace Flying Service, Inc., 139 Colo. 249, 338 P.2d 275 (1959).

The motion to dismiss on jurisdictional grounds was improperly granted.

## FORUM NON CONVENIENS

Appellee argues even if the Arizona court had jurisdiction it should refrain under the doctrine of forum non conveniens as the action could have been tried more appropriately and justly in California. While from the record we see no special circumstances warranting applicability of such extraordinary action by the trial court in this cause, it may be that certain circumstances for applicability of the doctrine do exist. In any event, that determination cannot be made on a factually incomplete record.

It should be remembered that since it is plaintiff's right to choose the forum, his choice should not be disturbed except upon adequate showing. Appellee has not made such a showing in this case.

## UNCONSTITUTIONALITY

Appellee urges that we declare prejudgment garnishment in this case unconstitutional as a deprivation of due process pursuant to Snidach v. Family Finance Corp. of Bay View, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969). We decline to so hold. This court has previously held that the Snidach holding was limited to wages. Termplan, Inc. v. Superior Court of Maricopa Co., 105 Ariz. 270, 463 P.2d 68 (1969). Thus:

"* * * [W]hile this case involves a prejudgment garnishment proceeding, the funds in possession of the garnishees are not wages. Thus, the Constitutional questions raised in Snidach v. Family Finance Corp. [citations omitted] are not involved. * * *." Andrew Brown Company v. Painters Warehouse, Inc., 11 Ariz.App. 571, 572, 466 P.2d 790, 791 (1970).

There exist proper grounds for distinguishing between depriving a wage earner of his present cash flow by prejudgment garnishment and impounding reserve assets of a business enterprise. The latter's entity rights are adequately protected by the right to replevy under § 12–1578, subsec. B, A.R.S.; the counter-claim procedures for wrongful garnishment under De Wulf v. Bissell, 83 Ariz. 68, 316 P.2d 492 (1957); and, the ultimate hearing on the merits.

Judgment reversed. With the issuance of the mandate of this court, the order of the trial court dismissing the plaintiff's complaint and quashing the writ of garnishment is reversed and the complaint and writ reinstated.

STRUCKMEYER, C. J., and HAYS, V. C. J., concur.