751 P.2d 561

**CAL FED PARTNERS, a California limited partnership organized and existing pursuant to the laws of the State of California acting By and Through its general partner, CAL FED SYNDICATIONS, a California corporation, Plaintiffs/Appellants,**

v.

**Charles Marion HEERS and Marilyn Heers, his wife, Bell Terrace Apartments, an Arizona general partnership, the Heers Family Trust Dated March 16, 1983, acting by and through Charles Marion Heers and Marilyn Heers as co-trustees thereof; the Charles Michael Heers Family Trust Dated April 15, 1983, acting by and through Charles Marion Heers, as trustee thereof, Defendants/Appellees.**

2 CA–CV 87–0229.

Court of Appeals of Arizona, Division 2, Department B.

Oct. 29, 1987.

Reconsideration Denied Dec. 14, 1987.

Review Denied March 30, 1988.

Mohr, Hackett, Pederson, Blakley, Randolph & Haga, P.C. by Arthur W. Pederson, Phoenix, for plaintiffs/appellants.

Carson Messinger Elliott Laughlin & Ragan by Preston H. Longino, Jr., Phoenix, for defendants/appellees.

## OPINION

LIVERMORE, Presiding Judge.

Cal Fed Partners, a California limited partnership, purchased for almost $14,000,-000 a Phoenix apartment complex from Bell Terrace Apartments, an Arizona partnership composed of two California residents, Charles and Marilyn Heers. All the negotiations for the sale occurred in California, and the witnesses to those negotiations are California residents. The sale agreement, however, provided that it would be construed under Arizona law. A dispute arose between the parties as to the seller's fulfillment of certain obligations under the agreement. Cal Fed filed an Arizona action against the Heers, certain trusts controlled by them, and Bell Terrace Apartments. While settlement negotiations continued, service was not effected.

When settlement failed and with knowledge of the Arizona action, the Heers and Bell Terrace brought suit in California against Cal Fed seeking rescission or reformation on the basis of fraud or mistake and damages for failure to maintain the apartment complex in good condition. The Arizona action was then served. Plaintiffs in that action appeal from a dismissal based on forum non conveniens. We reverse.

The principles allowing a court to dismiss an action over which it has jurisdiction because it is a less convenient forum than another start from the proposition "that since it is for the plaintiff to choose the place of suit, his choice of forum should not be disturbed except for weighty reasons...." Restatement (Second) Conflicts of Law § 84 comment c, p. 251 (1971). See also *First National Bank & Trust Co. v. Pomona Machinery Co.*, 107 Ariz. 286, 486 P.2d 184 (1971). Where the plaintiff is not a resident of the forum, the degree of deference given his choice is entitled to less weight, especially where he "is unable to offer any specific reasons of convenience supporting his choice." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 249, 102 S.Ct. 252, 262, 70 L.Ed.2d 419, 431 (1981). The reasons of convenience were discussed by Justice Jackson in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055, 1062–63 (1947):

> If the combination and weight of factors requisite to given results are difficult to forecast or state, those to be considered are not difficult to name. An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained. The court

will weigh relative advantages and obstacles to a fair trial....

Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origins. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation.... There is an appropriateness, too, in having the trial ... in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

Because this requires a weighing of imponderables, substantial discretion is accorded the trial court. *Piper Aircraft Co. v. Reyno,* supra; *Avila v. Chamberlain,* 119 Ariz. 369, 580 P.2d 1223 (App.1978).

██ Applying these factors to this case, we are constrained to find an abuse of discretion. There is nothing vexatious or oppressive in bringing an action in Arizona to enforce contract provisions, to be construed under Arizona law, regarding the sale of an Arizona property. While the Heers are California residents, they are partners in an Arizona partnership, maintain an office in Arizona, and have a number of other apartment complexes here. The Heers' claims, on the other hand, are defensive in nature. They seek to avoid promised payments under an income guaranty on the twin grounds that it was induced by fraud or mistake and that Cal Fed breached an obligation to maintain the premises so that the diminution in rental income was its responsibility. The witnesses as to contract negotiations are in California; those as to maintenance are in Arizona. But the former witnesses, being closely associated with the parties, are more likely to be willing witnesses in Arizona and they are likely to be fewer in number. The trial judge found that the primary claim was for mistake or fraud, but there is nothing in the record to support that conclusion. We are, therefore, not required to defer to it.

Because of the generally discretionary nature of the trial court's judgment on the application of forum non conveniens, our holding is a narrow one. We hold that where a suit is properly brought in Arizona respecting a contract to be construed under Arizona law for the sale of Arizona property, the fact that one of two defenses or counterclaims might more conveniently be tried in another state is not a sufficient reason to dismiss the whole action, where the original claim and an alleged defense to it are more conveniently tried in Arizona. Where factors of convenience are closely balanced, the plaintiff is entitled to its choice of forum.

Reversed.

ROLL and FERNANDEZ, JJ., concur.