844 P.2d 1177

**COONLEY & COONLEY, an Iowa partnership; James E. Coonley, I, P.C., an Iowa professional corporation; James E. Coonley, II, P.C., an Iowa professional corporation; James E. Coonley, Sr.; James E. Coonley, II, Plaintiffs/Appellants,**

v.

**Mary Lou Kroll TURCK and Lee Turck, wife and husband, Defendants/Appellees.**

**No. 1 CA–CV 91–085.**

Court of Appeals of Arizona, Division 1, Department A.

Jan. 14, 1993.

---

Broening, Oberg & Woods by John W. Oberg and Brian Holohan, Phoenix, for plaintiffs/appellants.

LaMarca & Landry, P.C. by Robert K. DuPuy, West Des Moines, IA, Snell & Wilmer by E. Jeffrey Walsh, Phoenix, for defendants/appellees.

## OPINION

O'MELIA, Judge [1].

The plaintiffs in this declaratory judgment action appeal from its dismissal and from the denial of their motion for summary judgment. We hold that the trial court did not abuse its discretion in dismissing based on *forum non conveniens*.

### FACTS AND PROCEDURAL HISTORY

Roland G. Dohrmann died in 1970 leaving a 1955 will prepared for him by James E. Coonley, Sr.,[2] an attorney from Hampton,

---

1. The Honorable Michael J. O'Melia, Maricopa County Superior Court Judge, was authorized to participate in the disposition of this matter by the Chief Justice of the Arizona Supreme Court pursuant to article 6, section 3 of the Arizona Constitution.

2. In addition to James E. Coonley, Sr. ("Coonley"), the plaintiffs include his legal corporation, his law partner, James E. Coonley, II, and their partnership. Except where further specificity is necessary, we will refer to Coonley to represent the plaintiffs.

Iowa. Dohrmann was survived by his wife, Sarah, and his daughter, Sarah's stepdaughter, Mary Lou Kroll Turck, the defendant in this case.[3] Dohrmann's will provided that his entire estate was to go to Sarah but in the event she did not survive him, the estate was to go to Turck. The will stated: "This will is mutual, joint and reciprocal and in consideration of a certain will made by my said wife on or about this date." Coonley admitted that he prepared a will for Sarah Dohrmann at about the same time he prepared Roland Dohrmann's will.

Sarah Dohrmann died in 1987. She left a will prepared by Coonley in 1979. While this will made some provision for Turck, including establishing a trust for her, it left the bulk of Sarah Dohrmann's estate to Robert and Helen Rost. Robert Rost and James E. Coonley II were appointed executors of the estate and Rost was named trustee of the trust established for Turck.

Turck filed an action against Robert Rost, as executor of Sarah Dohrmann's estate and as trustee under Sarah Dohrmann's will, and Robert and Helen Rost individually, contesting the will. She asserted that under Iowa law the will was invalid because mutual, reciprocal wills made by two spouses are irrevocable, and that the intent of the wills was to create a common scheme of distribution after the death of the Dohrmanns. Her theory was that the Dohrmanns' wills were "mirror images" of each other, passing the entire estate to the surviving spouse and then to Turck.

The will contest action was settled by a settlement agreement "among Robert P. Rost, individually, as executor of the Estate of Sarah E. Dohrmann, and as trustee of the Mary Lou Kroll Trust, Helen Rost, James E. Coonley, II as alternate trustee, James E. Coonley, and Mary Lou Kroll." Turck agreed to release her claims against the Rosts on certain property, and the Rosts agreed that the rest of Sarah Dohrmann's estate would go to Turck. The

agreement contained the following provisions:

7. An order will be presented to the Iowa District Court for Franklin County requesting statutory fees for Robert P. Rost as executor, statutory fees for Coonley & Coonley as attorneys for the executor, and fees for Lundy, Butler & Lundy, P.C., for representing the estate in the Kroll v. Dohrmann lawsuit mentioned below. The estate's obligation to Lundy, Butler & Lundy, P.C., will not exceed $5000. Neither Rost nor Coonley will request fees for extraordinary services.

\* \* \* \* \* \*

10. The case of Mary Lou Kroll v. Robert P. Rost, et al., which is pending in the Iowa District Court for Franklin County as Law No. C1575–0887, Probate No. P2374–0487, and Probate No. P2444–0987 will be dismissed by Mary Lou Kroll with prejudice.

\* \* \* \* \* \*

13. Except for Robert P. Rost's duty to properly account to the court for assets of the estate as required by paragraph 12 of this agreement, all parties to this agreement release one another from all claims they may have.

In August 1990 an Iowa attorney representing Mary Lou Kroll Turck wrote the following letter to James E. Coonley, Sr.

I am writing to provide you notice that I intend to file, on behalf of Mary Lou Kroll Turck a legal malpractice action against you stemming from your actions in preparing for Sarah Dohrman [sic] a Will in violation of the terms of an earlier contractual Will which, in harmony with the Will's counterpart, the Will of Roland Dohrman, [sic] would have caused Sarah's property to pass to Mary Lou.

Based upon my investigation I consider your conduct in preparing Sarah's replacement Will, and in destroying all copies of her original Will to be beneath

3. Turck was then known as Mary Lou Kroll. Lee Turck, Mary Lou's husband, is a co-defendant, but played no pertinent part in the events of this suit. All further references to "Turck" will be to Mary Lou Kroll Turck.

the standard of care of a reasonable prudent attorney, and, additionally, to be in violation of Iowa Code § 602.10113. The proposed legal action will seek from you damages for the portion of Sarah's estate that improperly went to Mr. and Mrs. Rost, the attorneys fees and expenses incurred by Mary Lou and Sarah Dohrman's [sic] estate in the process of probating and getting Sarah's invalid Will set aside, as well as additional taxes, and other damages suffered by the unavailability of a proper distribution under the terms of the original, contractual Will of Sarah Dohrman [sic]. The legal action will also seek punitive damages, and the treble damages allowed under the statute.

\* \* \* \* \* \*

I have prepared a complaint alleging negligence, breach of contract, breach of fiduciary duty, fraud, tortious interference with inheritance ..., and I am prepared to file it in the appropriate United States District Court.

I am writing now, however, to determine your interest in resolving this matter short of legal action. As an economic expedient, I am authorized by Mrs. Turck to demand of you her actual damages only, in the amount of $195,000.00 in full and final settlement and compromise of all of Mrs. Turck's claims against you.

\* \* \* \* \* \*

Please inform your carrier, or any one else who will be representing you in this matter, that if I do not hear from someone acting on your behalf on or before October 1, 1990, I will file my action in the appropriate United States District Court.

Coonley responded by filing this declaratory judgment action in Maricopa County Superior Court. Turck is a resident of Mesa, Arizona, where she resides approximately eight months of the year. She spends the rest of her time in Montana. Coonley asserted that the release precluded any liability in Turck's threatened suit. Turck thereafter filed her malpractice action against Coonley in the Federal District Court for the Northern District of Iowa.

Coonley moved for summary judgment and Turck responded and moved to dismiss or to stay this action. Turck's alternative grounds were: (1) Arizona was an inconvenient forum; and (2) the declaratory judgment suit was an improper "preemptive strike." The Iowa federal court denied Coonley's motion to stay that action, finding that Coonley's declaratory judgment action was a preemptive strike. The federal court held:

First, although the Arizona action was first filed, it was filed as a "preemptive strike." Second, although the Arizona action is slightly more advanced in the proceedings, it is not substantially more advanced. Third, the source of governing law, apparently both for plaintiff's claims and defendants' defense to those claims, is Iowa law. This court is presumably more familiar with Iowa law than the Arizona court. Fourth, the federal forum is not inconvenient. With regard to the location of the two courts, this forum is more inconvenient for plaintiff, an Arizona resident, than it is for defendants, who are Iowa residents. Plaintiff's chosen forum is this forum. Additionally, it appears that the only connection Arizona has with this case is the fact that plaintiff is currently a resident of that state. Fifth, there is a risk of piecemeal adjudication here. If the Arizona action should first proceed to judgment, res judicata/collateral estoppel may well affect the result in this court. The court does note that there is a motion to stay or transfer pending in the Arizona action which has not yet been ruled upon. Sixth, and most important to this court's decision, case law suggests that "preemptive strikes" through the filing of declaratory judgment actions should be discouraged as impermissible forum-shopping.

At oral argument the Arizona trial court granted the motion to dismiss, based solely on the *forum non conveniens* argument. The court denied Coonley's motion for summary judgment, stating in its minute entry:

Plaintiff's motion for summary judgment is denied without prejudice. The

court specifically advises that it has not addressed the merits or demerits of the motion for summary judgment.

Coonley has appealed contesting both the dismissal and the denial of the motion for summary judgment.

## FORUM NON CONVENIENS

■ We will not overturn the trial court's ruling on the application of *forum non conveniens* absent an abuse of discretion. *Cal Fed Partners v. Heers*, 156 Ariz. 245, 751 P.2d 561 (App.1987).

### I. Alternative Forum

■ To obtain a dismissal based on *forum non conveniens*, the defendant must show that there is an alternative forum available to hear the case. *Gatecliff v. Great Republic Life Ins. Co.*, 154 Ariz. 502, 509, 744 P.2d 29, 36 (App.1987). Coonley does not seriously dispute that Iowa is available as an alternative forum for this action, but asserts that this action was filed in Arizona because of the certainty of personal jurisdiction over Turck. Turck contends that her suit in the federal district court in Iowa provides Coonley with a certain alternative forum, which already has jurisdiction over both parties. By filing the case in Iowa and consenting to jurisdiction there, Turck has removed any doubt as to personal jurisdiction over her. The trial court did not err in finding that Iowa was an available alternative forum.

### II. Flexibility versus Certainty

■ Coonley urges us to hold that, as a matter of law, *forum non conveniens* should not be applied here. He argues that the mere fact that Turck is an Arizona resident should render the doctrine unavailable. He urges us to adopt the rule that *forum non conveniens* does not apply if *any* of the litigants is a resident of the selected forum. He argues that this is the rule in Massachusetts and New York, citing *Thomson v. Continental Ins. Co.*, 66 Cal.2d 738, 59 Cal.Rptr. 101, 427 P.2d 765 (1967).

The *Thomson* court cited *Cressey v. Erie R. Co.*, 278 Mass. 284, 180 N.E. 160, 163 (1932) for its proposition that Massachusetts was the leading state holding that "jurisdiction must be retained if one of the litigants is a resident of the forum state." *Thomson*, 427 P.2d at 769. *Cressey* does not support that proposition. The Massachusetts Supreme Court rejected the defendant's contention that forcing it to litigate in Massachusetts would violate the Commerce Clause of the United States Constitution. The court merely held that the fact that the plaintiff was a Massachusetts resident was a strong factor to consider. We have been unable to find any Massachusetts case holding that the defendant's residence foreclosed the operation of *forum non conveniens*. *See generally Minnis v. Peebles*, 24 Mass.App.Ct. 467, 510 N.E.2d 289 (1987) (although court reversed *forum non conveniens* dismissal, basis of decision was that defendant had not made a sufficient showing, not that she was a resident).

The *Thomson* court was correct in stating that the then-existing rule in New York prevented application of the doctrine when any litigant was a New York citizen or corporation. However, the New York Court of Appeals has since reconsidered and relaxed its rule. *Silver v. Great American Ins. Co.*, 29 N.Y.2d 356, 328 N.Y.S.2d 398, 402, 278 N.E.2d 619, 622 (1972). In *Silver*, the New York Court of Appeals reversed its previous stance because the strength of the doctrine lies in its flexibility:

Further thought persuades us that our current rule—which prohibits the doctrine of *forum non conveniens* from being invoked if one of the parties is a New York resident—should be relaxed. Its application should turn on considerations of justice, fairness and convenience and not solely on the residence of one of the parties. Although such residence is, of course, an important factor to be considered, *forum non conveniens* relief should be granted when it plainly appears that New York is an inconvenient forum and that another is available which will best serve the ends of justice and the convenience of the parties. The great advantage of the doctrine—its flex-

ibility based on the facts and circumstances of a particular case—is severely, if not completely, undercut when our courts are prevented from applying it solely because one of the parties is a New York resident or corporation.

It has become increasingly apparent that a greater flexibility in applying the doctrine is not only wise but, perhaps, necessary. The fact that litigants may more easily gain access to our courts—with the consequent increase in litigation—stemming from enactment of the long-arm statute (CPLR 302), changing choice of law rules, and decisions such as *Seider v. Roth*, 17 N.Y.2d 111, 269 N.Y.S.2d 99, 216 N.E.2d 312, requires a greater degree of forbearance in accepting suits which have but minimal contact with New York.

*Silver v. Great American Ins. Co.*, 328 N.Y.S.2d at 402–03, 278 N.E.2d at 622. (Citations omitted.) *Accord Stangvik v. Shiley, Inc.*, 54 Cal.3d 744, 1 Cal.Rptr.2d 556, 819 P.2d 14 (1991).

The courts of Florida, however, hold that if either party is a resident the doctrine is not applied. *Houston v. Caldwell*, 359 So.2d 858, 861 (Fla.1978). The Florida Supreme Court in *Houston* rejected an invitation by the defendant to change its previous rule and adopt the flexible approach taken by the New York Court of Appeals in *Silver v. Great American:*

Although under the district court's position it is essential for a trial court to make a finding that the defendant is amenable to process in the more convenient forum prior to entering a motion to dismiss, such a determination by the trial court does not have a binding effect on the courts of the more convenient forum. In addition, the question of amenability of the defendant to process in another state may often times be quite complicated, and its resolution may involve great expenditure of judicial labor. In comparison, the rule of law as set forth in *Adams*, although less flexible, is just, is serving well, and is easier to apply. If venue has been properly established because one of the parties is a resident of this state, then the suit may not be dismissed because another state may be more appropriate. We believe the certainty of resolution of the dispute outweighs the possible benefits achieved by dismissal in favor of a more convenient forum. This state has a fundamental interest in resolving controversies involving its citizens.

359 So.2d at 860–61. While a state may have an interest in resolving disputes involving its citizens, we believe this should not be woodenly applied. When the only Arizona party does not desire the Arizona court's assistance, we cannot agree that Arizona's interest in the case is fundamental.

The law of this state leaves it to the discretion of the trial court to determine *forum non conveniens* matters based on a balance of factors. We therefore move to a consideration of the relevant factors.

### III. Balancing the Factors

■ To prevail on a *forum non conveniens* motion the defendant must show that, on balance, the alternative forum is a more convenient place to litigate the case. *Cal Fed Partners v. Heers*, 156 Ariz. at 247, 751 P.2d at 563. Deference should be given to the plaintiff's choice of forum. *Id.* at 246, 751 P.2d at 564. However, plaintiff's choice of forum may be given less deference when he is not a resident of the forum, and he cannot offer specific reasons of convenience to support his choice. *Id.* In determining a *forum non conveniens* motion, both private and public interests must be considered. *Id.* at 247, 751 P.2d at 565.

### A. Private Interests of the Litigants

■ The factors involved in considering the private interests of the litigants have been summed up thus:

An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance

of willing witnesses; ... and all other practical problems that make trial of a case easy, expeditious and inexpensive.... The court will weigh relative advantages and obstacles to a fair trial....

*Id.* (quoting *Gulf Oil Corp v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947)). We agree with the trial court that the balance of factors favors resolution in Iowa.

The access to sources of proof strongly favors Iowa. The dispute arose in Iowa, concerning events that occurred in Iowa. Most of the documents and witnesses are in Iowa. The only source of proof in Arizona is Turck herself, and she could not be heard to object to appearing in Iowa after having made this motion. Certainly, the relative expense favors Iowa as the majority of witnesses are in that state.[4]

There is a significant burden placed on Turck in litigating in Arizona. She already had Iowa counsel to pursue her claim in Iowa. Litigating in Arizona would force her (indeed, has already forced her) to obtain local Arizona counsel at added expense. She would also have much greater expense in bringing her witnesses from Iowa to Arizona for trial.

Balancing the problems faced by Turck against the advantages to Coonley in litigating in Arizona falls heavily in favor of Turck. Coonley has failed to show any factors of economics or convenience benefitting him by litigating here. He faces the same inconvenience and added expense trying the case here as does Turck. The only perceivable advantage for Coonley in maintaining this action is that he is the plaintiff in this case because he won the race to the courthouse. The disadvantages to Turck in litigating here far outweigh this single advantage to Coonley.

We disagree with Coonley's argument that the dismissal deprives him of his right to a speedy determination of the validity of the release, which he argues is provided by the Arizona Uniform Declaratory Judgments Act and Rule 57, Ariz.R.Civ.P. Rule 57 states: "The court may order a speedy hearing of an action for a declaratory judgment and may advance it on the calendar." Declaratory judgment relief is available in Iowa courts. *See* 58 Iowa Code Annotated, Rules of Civil Procedure, Rules 261 to 269 (Iowa's version of the Uniform Declaratory Judgments Act). Furthermore, he does not lose the advantage of Rule 57 because federal Rule 57 is nearly identical to its Arizona counterpart. In short, Coonley loses none of the protections of Arizona law by litigating this issue in the Iowa federal court.

### B. Public Interest Factors

There are other of factors in a *forum non conveniens* dispute that concern the public interest:

Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origins. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation....: There is an appropriateness, too, in having the trial ... in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

*Cal Fed Partners v. Heers,* 156 Ariz. at 247, 751 P.2d at 563, quoting *Gulf Oil Corp v. Gilbert,* 330 U.S. at 508, 67 S.Ct. at 843.

There is but a single connection between this litigation and this state: Turck is a citizen of Arizona. Arizonans should not be required to serve on a jury for a case having such a tenuous connection to this state. Nor should the courts of this state have their dockets overburdened by such cases. This is especially true when the

---

**4.** Coonley argues that Turck would have no inconvenience in having her deposition taken in Arizona because she lives here. This is not true. Her attorney would have to journey to Arizona at added expense and inconvenience. We see no reason to doubt her assertion that Iowa would be more convenient in this respect.

lone Arizonan involved has no desire to have the case heard here.

The parties agree that Iowa law controls this case. It is true that Arizona courts can and often do interpret and apply the law of other states. However, it is certainly more convenient for an Iowa court to apply it in this case.

The public interest factors in this case, like the interests of the parties, clearly favor the Iowa courts.

## CONCLUSION

The nexus between Arizona and this case is minimal at best. "A forum that has no significant factual connection to the cause of action should not try the case." *State ex rel. Southern Pacific Transp. Co. v. Frost*, 102 N.M. 369, 695 P.2d 1318, 1319 (1985). The trial court did not abuse its discretion in granting the motion to dismiss.

Because we find that this action was properly dismissed, we do not address Coonley's other arguments. The appellees' request for attorney's fees pursuant to Ariz.Rev.Stat.Ann. § 12–341.01(A) is granted pending compliance with Rule 21(c), Ariz.R.Civ.App.P. Because we award appellees' attorney's fees, we decline their request for sanctions.

The judgment is affirmed.

LANKFORD, P.J., and KLEINSCHMIDT, J., concur.