NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

RICHEL GARRETT et al.,
*Plaintiffs/Appellants*,

*v.*

SWIFT TRANSPORTATION CO. OF ARIZONA L.L.C.,
*Defendant/Appellee*.

No. 1 CA-CV 19-0840

FILED 9-15-2020

---

Appeal from the Superior Court in Maricopa County
No. CV2019-051741
The Honorable Cynthia J. Bailey, Judge *Retired*

**AFFIRMED**

---

COUNSEL

Beale Micheaels Slack & Shughart, PC, Phoenix
By K. Thomas Slack, Tracy A. Gromer
*Counsel for Plaintiff/Appellant*

Jones Skelton & Hochuli, PLC, Phoenix
By Phillip H. Stanfield, Jonathan P. Barnes, Jr., Clarice A. Spicker
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Chief Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge Jennifer B. Campbell and Judge Lawrence F. Winthrop joined.

---

**S W A N N**, Chief Judge:

¶1          Richel Garrett appeals the superior court's judgment dismissing her wrongful death claim against Swift Transportation Company of Arizona based on *forum non conveniens*. We affirm because the court reasonably balanced the private and public interests.

**FACTS AND PROCEDURAL HISTORY**

¶2          A Swift employee drove a Swift tractor-trailer down a steep grade in Idaho, failed to obey a stop sign, and collided with a vehicle driven by Garrett's son, killing him. Garrett's son was a resident of Washington. Garrett is a resident of Washington. Swift's principal place of business is in Arizona.

¶3          Garrett, on behalf of herself and the decedent's father, filed a wrongful death suit against Swift in Arizona. Swift moved to dismiss based on *forum non conveniens*, arguing that Washington and Idaho were more convenient fora, and agreed to submit to jurisdiction in either alternative state.

¶4          The superior court granted the motion. In its ruling, the court found that the plaintiffs are Washington residents, that most of the relevant conduct occurred outside of Arizona, that it would be less expensive for the parties to call the witnesses in either Washington or Idaho, and that public interests, such as burdens on Arizona jurors considering a conflict that occurred in another state and the burden on an Arizona court considering a conflict of law analysis, favored either Washington or Idaho. The court concluded that that the totality of factors "strongly favor[s] both Washington and/or Idaho over Arizona for purposes of the litigation." The court denied Garrett's motion for reconsideration.

¶5          In its final judgment, the court ordered as a prerequisite to dismissal that Swift voluntarily consent to jurisdiction in either Washington or Idaho. Further, the court ordered that the action could be reinstated in

Arizona if there were no determination on the merits in Washington or Idaho, and that the statute of limitations would be tolled for six months following a final action of the alternative forum.

**¶6** We have jurisdiction over Garrett's appeal under A.R.S. § 12-2101(A)(3). *See Dunn v. FastMed Urgent Care PC*, 245 Ariz. 35, 38, ¶ 9 (App. 2018) ("Dismissal pursuant to a forum-selection clause with leave to refile in another state is an appealable order under A.R.S. § 12-2101(A)(3)."); *Dusold v. Porta-John Corp.*, 167 Ariz. 358, 361 (App. 1990) (holding that A.R.S. § 12-2101(A)(3)'s predecessor statute provided basis for appellate jurisdiction to consider court's order dismissing action and transferring to another state for arbitration).

## DISCUSSION

**¶7** We review the dismissal of the action based on *forum non conveniens* for abuse of discretion. *Coonley & Coonley v. Turck*, 173 Ariz. 527, 531 (App. 1993).

**¶8** The primary goal of a *forum non conveniens* analysis is to ensure a convenient location for trial. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 249 (1981). Garrett's right to choose her forum "should not be disturbed except upon adequate showing." *First Nat'l Bank & Trust Co. v. Pomona Mach. Co.*, 107 Ariz. 286, 290 (1971). When a plaintiff chooses his or her home forum, courts may reasonably assume that the choice is convenient. *Piper*, 454 U.S. at 255–56. But when a plaintiff chooses a foreign forum, "this assumption is much less reasonable." *Id.* As such, "a foreign plaintiff's choice deserves less deference." *Id.* When "trial in the plaintiff's chosen forum imposes a heavy burden on the defendant or the court, and where the plaintiff is unable to offer any specific reasons of convenience supporting his choice," dismissal based on *forum non conveniens* is appropriate. *Id.* at 249.

**¶9** To obtain a dismissal based on *forum non conveniens*, a defendant must first show the availability of an adequate alternative forum. *Parra v. Cont'l Tire N. Am., Inc.*, 222 Ariz. 212, 215, ¶ 9 (App. 2009). Here, Swift consented to jurisdiction in the alternative fora, and the court appropriately conditioned dismissal on this basis. *See Avila v. Chamberlain*, 119 Ariz. 369, 372 (App. 1978) (holding that availability prong is satisfied by dismissal conditioned on defendant's stipulation to submit to jurisdiction in alternative forum).

**¶10** Next, the defendant must show that, after consideration of both private and public interests, "on balance, the alternative forum is a

more convenient place to litigate the case." *Coonley*, 173 Ariz. at 532. Private interests include access to sources of proof, availability and cost of witness attendance, and other practical issues concerning trial convenience. *Cal Fed Partners v. Heers*, 156 Ariz. 245, 246 (App. 1987). Public interests include court congestion and burdens on Arizona jurors and the court. *Id.* at 247.

¶11     We agree with the superior court that the private factors strongly favor Washington or Idaho as the forum for trial. The plaintiffs are Washington residents, and the collision occurred in Idaho. Further, all crime scene investigators and all witnesses to the collision are located in Idaho or Washington.[1] Even if Swift did not identify specific roadway design witnesses in support of its unsafe roadway design defense,[2] it was reasonable for the court to assume that any local roadway design witnesses were located in Idaho. The court reasonably found that it will be less expensive to call the witnesses to trial in either Washington or Idaho. *See Coonley*, 173 Ariz. at 533 ("Certainly, the relative expense favors Iowa as the majority of witnesses are in that state."). Moreover, most of the physical evidence—including the Swift truck—is located in Idaho.

¶12     Garrett argues that the superior court failed to consider all relevant private interest factors, such as the practical problem that both sides hired Arizona attorneys and that Swift's accident reconstruction expert was from Arizona. But we assume that the court considered all admissible evidence, *see Fuentes v. Fuentes*, 209 Ariz. 51, 55–56, ¶ 18 (App. 2004),there is no requirement that the court identify and consider every factor, and the *forum non conveniens* standard is flexible, with each case turning on its own unique facts, *Piper Aircraft*, 454 U.S. at 249–50. And though we recognize that Swift's corporate headquarters are located in Arizona, the driver's employment background check occurred in Arizona, and copies of some electronic records are stored in Arizona, we do not

---

[1]     The superior court's finding that all accident witnesses reside in Idaho is contradicted by the record. But that error is immaterial because these witnesses do not reside in Arizona and the court found that either Idaho or Washington was a convenient alternative forum.

[2]     To the extent Garrett contends, as she did in her motion for reconsideration, that the court erred in relying on the materiality of Swift's roadway design defense witnesses because Swift failed to assert this defense in the driver's related criminal trial, nothing precludes Swift from asserting that defense in this civil action.

reweigh the evidence. *See id.* at 257–61 (upholding dismissal based on reasonable balancing of interests even though some evidence weighed against dismissal). Though Garrett correctly states that the materiality rather than the volume of evidence is most relevant, *see Parra*, 222 Ariz. at 216, ¶ 13, the record supports the court's balancing of relevant material evidence related to the private interest factors.

**¶13** The identifiable public interests also strongly favor Washington or Idaho. Washington's strong interest stems from Garrett and the decedent's father being Washington residents, because Washington residents have an interest in making their citizens whole for injuries arising out of tortious conduct. Idaho's strong interest stems from the accident having occurred there and the fact that most witnesses and physical evidence are in Idaho, and the fact that Idaho law would most likely apply. Moreover, we agree with the superior court that "it is clearly possible that Arizona would be called on to apply Idaho or Washington law," and which state's law applies "is likely to be litigated vigorously on both sides given the differences in available damages in each state." *See Garcia v. Gen. Motors Corp.*, 195 Ariz. 510, 516, ¶ 20 (App. 1999) (holding that application of a forum's laws depends on which forum has the most significant relationship to the issue). "The doctrine of *forum non conveniens . . .* is designed in part to help courts avoid conducting complex exercises in comparative law," and "[t]he public interest factors points toward dismissal where the court would be required to 'untangle problems in conflict of laws, and in law foreign to itself.'" *Piper Aircraft*, 454 U.S. at 251 (citation omitted).

**¶14** Further, though Arizona jurors may have an interest in regulating the actions of an Arizona corporation that sends trucks onto its streets, we cannot say that the superior court abused its discretion by finding that the public factors strongly favor Washington or Idaho. *See Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1147 (9th Cir. 2001) (holding that though Arizona jurors may have an interest in defective products manufactured in their forum by a corporate defendant, "this interest is slight compared to the time and resources the . . . court in Arizona would expend if it were to retain jurisdiction over this dispute"); *Piper Aircraft*, 454 U.S. at 260–61 (holding that though residents of corporate defendant's forum may have interest in deterring wrongful conduct, that interest alone was insufficient to justify enormous judicial expense of resources and time). Ultimately, even though Swift is an Arizona resident, public interest factors strongly favor dismissal because Arizona's connection with the litigation is tenuous. *See Coonley*, 173 Ariz. at 533–34. When the only Arizona party does not desire the Arizona court's assistance, Arizona's interest in the case is not fundamental. *Id.* at 532.

**¶15**　　　　Garrett contends that the superior court failed to apply the appropriate legal standard by placing the burden on her to prove that Arizona had more evidence and a greater connection to the litigation than the other states.　The court's ruling, however, expressly reflects that it placed the burden on Swift to show that "on balance" the alternative fora were more convenient places to litigate; further, the court expressly recognized that the *forum non conveniens* doctrine is an exceptional tool and must be employed sparingly.

**¶16**　　　　Garrett also contends that Swift failed to provide sufficient evidence or affidavits, and that the court based its ruling on erroneous factual conclusions not supported by the evidence.　But affidavits are not required—the court just must have enough information to enable it to identify and balance the parties' interests. *Piper Aircraft*, 454 U.S. at 258–59. The superior court was provided sufficient information from the pleadings and documents in the record.　Further, we detect no erroneous factual conclusion made by the superior court that warrants reversal.

**¶17**　　　　We hold that the superior court reasonably balanced the relevant private and public factors and did not abuse its discretion in dismissing this case based on application of *forum non conveniens*.

**CONCLUSION**

**¶18**　　　　We affirm the superior court's judgment for the reasons set forth above.　We award costs to Swift upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED: AA

6