NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

CHANT H. MANOUKIAN, *Petitioner/Appellant*,

*v.*

KATHRYN J. MANOUKIAN, *Respondent/Appellee*.

No. 1 CA-CV 21-0477 FC
FILED 7-12-2022

Appeal from the Superior Court in Maricopa County
No. FC2020-001453
The Honorable Margaret B. LaBianca, Judge

**AFFIRMED**

COUNSEL

Franks Cool Houser & McVey, P.C., Phoenix
By Todd Franks, Sarah B. Cool, Robert C. Houser, Jr., Michael R. McVey
*Counsel for Petitioner/Appellant*

Jaburg & Wilk, P.C., Phoenix
By Kathi Mann Sandweiss, Roger L. Cohen
*Counsel for Respondent /Appellee*

---

**MEMORANDUM DECISION**

Judge D. Steven Williams delivered the decision of the court, in which Presiding Judge Cynthia J. Bailey and Judge Peter B. Swann joined.

---

**W I L L I A M S**, Judge:

¶1　　　　Chant Manoukian ("Husband") appeals the superior court's (1) order dismissing his petition for dissolution of his marriage to Kathryn Manoukian ("Wife") on the ground of *forum non conveniens*, (2) refusal to enter a default judgment in his favor, and (3) award of attorney's fees for Wife. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2　　　　Husband (then age 59) and Wife (then age 23) married in 1995, in Arizona. Husband lives in Arizona – and has for more than 40 years. Wife resides in Tennessee with the couple's minor child. Before their marriage, Husband and Wife entered a "Prenuptial and Cohabitation Agreement" ("Agreement") that is governed by Arizona law.

¶3　　　　In March 2020, Husband petitioned in Arizona for dissolution of his marriage ("Petition"). The Petition acknowledged Arizona has jurisdiction over the divorce but does not have jurisdiction over any child-custody or support proceedings; those would occur in Tennessee.

¶4　　　　Six days after Husband filed the Petition, Wife sought conciliation court services claiming that she and Husband could reconcile their differences. The conciliation court stayed the dissolution proceedings until May 2020. *See* A.R.S. § 25-381.18. Husband sought to dismiss the conciliation proceedings. Wife opposed dismissal stating that she did "not want a divorce," did "not want to break our family up," and "would like to [proceed] with conciliation services." Four days later, Wife filed for divorce in Tennessee alleging "irreconcilable differences."

¶5　　　　On May 14, 2020, Wife moved to dismiss the Arizona proceedings based upon *forum non conveniens*. Wife claimed "Tennessee is the most convenient forum for deciding all issues between the parties[,]" citing (1) jointly owned real property in Tennessee, (2) the parties' relative resources, and (3) judicial economy. Wife noted that one of the issues will be the validity of the Agreement. Husband countered that (1) the

Agreement is governed by Arizona law, (2) nearly all property to be addressed is in Arizona, and (3) the evidence necessary to resolve disputes, including prospective witnesses, is in Arizona.

**¶6** The next day, the superior court lifted the stay order and removed the proceedings from conciliation court. Several weeks later the superior court granted Wife's motion to dismiss Husband's Petition on the ground of *forum non conveniens*. The court's order was dated June 30th but was not filed until July 10th. Four days before the dismissal order was filed, Husband sought a default judgment, arguing Wife had not filed a written response to Husband's Petition.

**¶7** Because of the superior court's dismissal order, Husband petitioned this court for special action relief. In November 2020, after concluding "the record [was] insufficient for us to assess the [superior] court's consideration of the *forum non conveniens* factors and the weight it afforded them," we vacated the order dismissing Husband's Petition and directed the superior court to make specific findings in balancing the private and public reasons why Tennessee is (or is not) a more convenient place for the parties to litigate the case. *Manoukian v. LaBianca in & for Cnty. of Maricopa*, 1 CA-SA 20-0202, 2020 WL 6495071, at *3, ¶¶ 15-16 (App. Nov. 5, 2020).

**¶8** Husband then requested the superior court set a hearing on his application for default judgment, maintaining that Wife still had not filed a written response to his Petition. Within days, Wife filed her written response to the Petition, as well as her objection to the requested default. On January 4, 2021, the superior court issued an order finding "Wife [was] not in default" for a variety of reasons and denied Husband's request for a default hearing. Several weeks later, in late March 2021, the court issued an order (for the second time) dismissing Husband's Petition on grounds of *forum non conveniens*. This time the court explained its findings in balancing both the private and public reasons why the court determined Tennessee was the more convenient place for the parties to litigate. The court awarded Wife attorney's fees under A.R.S. § 25-324 totaling $113,476.

**¶9** This timely appeal followed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶10** Husband challenges the superior court's orders (1) dismissing Husband's Petition on the ground of *forum non conveniens*, (2) refusing to

3

grant Husband's request for a default judgment, and (3) awarding Wife attorney's fees under A.R.S. § 25-324.

## I. Forum Non Conveniens

**¶11** Husband argues the court erred in dismissing his Petition. The decision to dismiss is highly discretionary, therefore we "will not overturn the [superior] court's ruling on the application of *forum non conveniens* absent an abuse of discretion." *Parra v. Cont'l Tire N. Am., Inc.*, 222 Ariz. 212, 214-15, ¶ 8 (App. 2009) (quoting *Coonley & Coonley v. Turck*, 173 Ariz. 527, 531 (App. 1993)). The court abuses its discretion "when it fails to balance the relevant [*forum non conveniens*] factors." *Id.* at 215, ¶ 8 (quoting *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1334-35 (9th Cir. 1984)).

**¶12** To obtain dismissal for *forum non conveniens*, the movant must first show there is "an available and adequate alternative forum to hear the case." *Id.* at ¶ 9. Second, the movant "must show that, on balance, the alternative forum is a more convenient place to litigate the case." *Id.* at ¶ 10 (quoting *Coonley*, 173 Ariz. at 532). "This requires the court to balance private and public 'reasons of convenience.'" *Id.* (quoting *Cal Fed Partners v. Heers*, 156 Ariz. 245, 246-47 (App. 1987)). "Where factors of convenience are closely balanced, the plaintiff is entitled to [his] choice of forum." *Id.* (quoting *Cal Fed Partners*, 156 Ariz. at 248). "This is because unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Id.* (quoting *Gates Learjet*, 743 F.2d at 1334-35).

**¶13** The parties do not dispute that Tennessee is an available alternative forum to hear the case. In fact, only Tennessee has jurisdiction to hear matters related to child-custody and support. Consequently, the superior court's analysis appropriately focused on balancing what it considered to be both private and public reasons for Tennessee being the more convenient forum for the parties to litigate the divorce. *See id.*

**¶14** The superior court properly acknowledged that Arizona was Husband's chosen forum. The court also found that some factors did not necessarily weigh in favor of a Tennessee forum over an Arizona forum, or an Arizona forum over a Tennessee forum. The court did, however, give significant weight to an anticipated "increase [of] the cost in time and money to both parties" were hearings to be held in two separate forums, as well as the complication of "duplicative filings, depositions, court testimony, and presentation of other evidence." The court also gave weight to the anticipated litigation surrounding the Tennessee property, which

Husband claims is solely his, but which Wife claims is jointly owned and one where a community business is run from.

**¶15**     The court gave additional weight to the public local interest Tennessee has affecting the minor child, who is a resident of Tennessee. The outcome of the dispute over the Agreement will significantly impact financial support obligations for the child. And though Arizona has a public interest in seeing that Arizona law is applied to the Agreement, the court explained "there is no reason to believe the Tennessee court is unable to ascertain and apply Arizona law as needed." We too have every confidence the Tennessee court will correctly apply Arizona law as appropriate. The question before us is not whether this court would have come to a different conclusion, but rather whether Husband has shown the superior court abused its discretion in reaching the ruling it did. *See id.* at 214-15, ¶ 8. On this record, we cannot say the court erred.

## II.     *Setting Aside Wife's Default*

**¶16**     Husband also argues the superior court erred in refusing to grant a default in his favor because of Wife's allegedly untimely written response to the Petition. Wife argues the court properly concluded that there was no default, and, in the alternative, the court properly exercised its discretion in determining that the default had been waived or that there was good cause to set it aside.

**¶17**     Arizona Rule of Family Law Procedure ("Rule") 23(f)(1) provides a "party who is served with a petition [for dissolution of marriage] . . . must file a response." A responding party who is served outside of Arizona has 30 days in which to file a written response. Ariz. R. Fam. Law P. 24.1(d). "If a party does not file a response, the petitioner has the right to request a default and obtain a default judgment against that party." Ariz. R. Fam. Law P. 23(f)(1); *see also* Ariz. Fam. Law P. 44(a) ("If a party against whom a decree or a judgment for affirmative relief is sought fails to respond, the party seeking relief may file an application for default."). However, when a motion to dismiss has been filed under Rule 29, a responding party has an additional 10 days *after notice of the court's ruling* in which to file a written response to the Petition. Ariz. R. Fam. Law P. 24.1(e).

**¶18**     Husband filed his Petition March 3, 2020. Six days later, the superior court stayed the divorce proceedings for the parties to participate in conciliation court services. Thus, Wife's time to file a written response was also stayed. The stay order was still in place when Wife filed her motion to dismiss for *forum non conveniens*. Once the superior court granted Wife's

motion to dismiss, there was no Petition she was required to respond to. This court then took up the matter on Husband's special action request. *See Manoukian*, 1 CA-SA 20-0202, at *2, ¶ 8. When we granted the relief Husband sought—vacating the superior court's dismissal order—we directed the superior court to show its work in balancing the private and public reasons in favor of (or against) granting the motion to dismiss. *Id.* at *3, ¶¶ 14-16. Though Husband filed an application for default, and though Wife later filed her written response to the Petition, the motion to dismiss was still pending before the superior court and until the court ruled on that motion, Wife was not obligated to file her written response to the Petition. *See* Ariz. R. Fam. Law P. 24.1(e); *see also* Ariz. R. Fam. Law P. 29.

**¶19** But even if Wife's motion to dismiss does not fit squarely under Rule 29 (which expanded the time for her to file a written response), we cannot say the superior court erred in refusing to default Wife. The record is clear that "the parties ha[d] been actively litigating throughout the period in which Husband claims Wife defaulted." And the superior court's finding that "Wife [was] not in default either because her motion to dismiss worked in lieu of a response or because she timely filed her response when accounting for the Court of Appeals' special action jurisdiction" seems one of reason, supported by the record before us.

*III.    Attorney's Fees*

**¶20** Lastly, Husband argues the superior court erred in awarding Wife attorney's fees. Section 25-324(A) authorizes the court, in its discretion, to award fees "after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings."

**¶21** Here, the court expressed concern with the number of filings Husband filed while the motion to dismiss was pending. For example, the court noted "Husband filed several 'partial' replies/responses, thereby requiring and/or threatening serial responsive documents." And "in the period from November 30, 2020 to January 8, 2021, Husband 'filed at least 21 court papers, sent three disclosure statements, identified 95 exhibits, and engaged in two meet-and-confer conferences.'" These types of litigation strategies were "unreasonable" in the court's view. And Husband did not dispute he had "far greater financial resources at his disposal." The superior court did not abuse its discretion in awarding Wife attorney's fees.

## CONCLUSION

¶22      For the foregoing reasons, we affirm the superior court's orders.

