213 P.3d 361

Maria Elisa Pozo PARRA, the surviving mother of Maria Fernanda Chavez Pozo and the surviving daughter of Maria Elisa Parra Morales, on her own behalf and on behalf of Luis Chavez Reyes, the father of Maria Fernanda Chavez Pozo;

Sandra Guadalupe Parra, a single woman and Eulalia Mejia Avila, a single woman; Maria Elisa Pozo Parra, as mother and next best friend for Maria Guadalupe Pozo Parran, a minor, Plaintiffs/Appellants,

v.

CONTINENTAL TIRE NORTH AMERICA, INC., an Ohio corporation; Bill Alexander Automotive Center, Inc., an Arizona corporation, Defendants/Appellees.

No. 1 CA–CV 08–0556.

Court of Appeals of Arizona, Division 1, Department D.

July 28, 2009.

Law Offices of Thomas F. Dasse, P.C. By Thomas F. Dasse, Michael E. Medina, Jr., Tucson, Attorneys for Appellants.

Kunz Plitt Hyland Demlong & Kleifield, P.C. By Matthew D. Kleifield, Robert C. Ashley, Phoenix, Attorneys for Appellees.

## OPINION

JOHNSEN, Judge.

¶ 1 The superior court in this case dismissed on *forum non conveniens* grounds a personal injury and wrongful death case brought in Arizona against defendants who argued that Mexico presented a more convenient forum. Our review requires us to consider the burden imposed on a defendant to overcome the deference that the law requires be given to a resident plaintiff's choice of forum. Because we conclude the superior court did not grant sufficient weight to the plaintiff's choice of forum in this case, we reverse the dismissal and remand for further proceedings.

## FACTUAL AND PROCEDURAL HISTORY

¶2 Maria Elisa Pozo Parra, a Mexican citizen who resides in Yuma County, was driving a 2003 Ford Expedition on a highway in Sonora, Mexico, when the tread on one of her tires separated.[1] Pozo Parra lost control of the vehicle, which left the roadway and rolled. Pozo Parra's mother and one of her daughters died in the accident. Four other passengers, including Pozo Parra, her other daughter and an aunt, were injured.

¶3 On her own behalf and on behalf of her injured daughter, her aunt and another passenger, Pozo Parra filed a complaint in Maricopa County Superior Court against Continental Tire North America ("Continental") (the manufacturer of the tire) and the Arizona dealership that sold the vehicle to Pozo Parra and that performed periodic maintenance on it thereafter. The complaint asserted claims of strict products liability and negligence and sought damages for personal injury and wrongful death.

¶4 Continental, joined by the other defendant, moved to dismiss for *forum non conveniens*, arguing the suit's connection to Arizona was "tenuous" and that Sonora was a more convenient forum. Plaintiffs responded that defendants failed to meet their burden of showing Arizona was an inconvenient forum and argued Sonora was not an available forum because the statute of limitations had run and defendants had "failed to establish that a Mexican court will accept jurisdiction after the statute of limitations has run." At oral argument on the motion, defendants stipulated they would subject themselves to the jurisdiction of a Mexican court and waive any applicable statute of limitations.

¶5 Noting that Arizona law requires deference to a plaintiff's chosen forum, the court nevertheless granted defendants' motion. The court found Mexico to be an available alternative forum based in large part on the stipulations defendants made at oral argu-

ment. The court also found that "the balance [of private and public factors] weighs in favor of a Mexican forum."

¶6 After entry of judgment of dismissal, plaintiffs moved for new trial pursuant to Arizona Rule of Civil Procedure 59(a)(8), arguing the decision was not justified by the evidence and was contrary to law. Pursuing an issue raised at oral argument on the motion to dismiss, plaintiffs argued that Mexican witnesses could be served and their testimony taken pursuant to the Hague Convention and that choice-of-law principles would require the application of Arizona law to the case. Finally, plaintiffs relied on the affidavit of a Mexican lawyer to argue for the first time that despite defendants' stipulations, Mexican law, specifically the Federal Law to Protect the Consumer, does not allow the waiver of a statute of limitations. In response, based on an affidavit of another Mexican lawyer, defendants argued that Sonoran state law allows waiver of a limitations defense.

¶7 The court considered the new arguments and evidence and found that they "[did] not merit reversal" of its original decision.[2] It denied plaintiffs' motion for new trial, and plaintiffs timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes sections 12–120.21(A)(1) and 2101(F)(1)(2003).

## DISCUSSION

### A. Standard of Review.

¶8 *Forum non conveniens* is "an exceptional tool to be employed sparingly" rather than "a doctrine that compels plaintiffs to choose the optimal forum for their claim." *Ravelo Monegro v. Rosa*, 211 F.3d 509, 514 (9th Cir.2000). Because a decision on *forum non conveniens* requires a "weighing of imponderables," *Cal Fed Partners v. Heers*, 156 Ariz. 245, 247, 751 P.2d 561, 563 (App.1987), we "will not overturn the trial

---

1. On appeal, defendants argue Pozo Parra resided in San Luis, Mexico rather than San Luis, Arizona. The superior court, however, found Pozo Parra is a resident of Yuma County, and defendants did not identify that finding as a cross-issue on appeal.

2. On appeal, defendants argue we should not consider any new arguments plaintiffs made in their motion for new trial. Because plaintiffs appealed from the denial of their new trial motion, however, those arguments properly are before us.

court's ruling on the application of *forum non conveniens* absent an abuse of discretion." *Coonley & Coonley v. Turck*, 173 Ariz. 527, 531, 844 P.2d 1177, 1181 (App.1993). The court abuses its discretion, however, "when it fails to balance the relevant factors." *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1334–35 (9th Cir.1984).

### B. *Forum Non Conveniens.*

#### 1. General principles.

¶ 9 A defendant seeking dismissal on grounds of *forum non conveniens* must prevail on each of two analyses. First, the defendant must show there is an available and adequate alternative forum to hear the case. *Coonley*, 173 Ariz. at 531, 844 P.2d at 1181; *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1142 (9th Cir.2001) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n. 22, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981)).

¶ 10 Second, the defendant "must show that, on balance, the alternative forum is a more convenient place to litigate the case." *Coonley*, 173 Ariz. at 532, 844 P.2d at 1182. This requires the court to balance private and public "reasons of convenience." *Cal Fed*, 156 Ariz. at 246–47, 751 P.2d at 562–63 (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), *superseded in part by statute*, 28 U.S.C. § 1404(a), *as recognized in Am. Dredging Co. v. Miller*, 510 U.S. 443, 449 n. 2, 114 S.Ct. 981, 127 L.Ed.2d 285 (1994)).[3] "Where factors of convenience are closely balanced, the plaintiff is entitled to its choice of forum." *Cal Fed*, 156 Ariz. at 248, 751 P.2d at 563. This is because "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gates Learjet*, 743 F.2d at

1334–35 (quotation omitted); *see also Cal Fed*, 156 Ariz. at 246, 751 P.2d at 562 ("since it is for the plaintiff to choose the place of suit, his choice of forum should not be disturbed except for weighty reasons") (quoting Restatement (Second) of Conflicts of Law § 84 cmt. c (1971)).[4]

¶ 11 Our resolution of this appeal hinges on the second analysis, that is, the weighing of the factors of convenience. We hold that even assuming *arguendo* Sonora presents an available and adequate forum, defendants did not present facts and argument sufficient to overcome the deference properly accorded to the plaintiffs' decision to file suit in Arizona.

#### 2. The private and public interest factors do not support dismissal for *forum non conveniens*.

##### i. Private interest factors.

¶ 12 With regard to factors of private interest, we have stated:

> Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Cal Fed*, 156 Ariz. at 246, 751 P.2d at 562 (quoting *Gulf Oil*, 330 U.S. at 508, 67 S.Ct. 839). Although the superior court ·recited the relevant factors, it did not make findings (the parties did not ask it to) explaining how it weighed the evidence relevant to the applicable factors. We therefore review the record to determine whether substantial evidence supports the court's exercise of its discretion to dismiss the case.

---

3. Plaintiffs cite *Koster v. American Lumbermens Mutual Casualty Co.*, 330 U.S. 518, 524, 67 S.Ct. 828, 91 L.Ed. 1067 (1947), for the proposition that defendants must show "such oppressiveness and vexation to [plaintiffs] as to be out of all proportion to [plaintiffs'] convenience." Although we found "nothing vexatious or oppressive in bringing an action in Arizona" in *Cal Fed*, we did not establish that as the test to be applied in ruling on a *forum non conveniens* motion. 156 Ariz. at 246–47, 751 P.2d at 562–63.

4. Pozo Parra is a resident alien. Although "a foreign plaintiff's choice [of forum] deserves less deference," *Piper*, 454 U.S. at 256, 102 S.Ct. 252, a resident alien "is entitled to the same deference as a citizen," *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1177 n. 6 (9th Cir.2006). Likewise, plaintiff Sandra Guadalupe Parra, Pozo Parra's aunt, is a Mexican citizen who resides in the United States, and the injured daughter on whose behalf Pozo Parra brought suit is a United States citizen and resident.

216

¶ 13 As for access to sources of proof, defendants argue that many of the witnesses plaintiffs identified in their initial disclosure statement are located in Mexico and could not be summoned to Arizona for trial. But this factor does not depend alone on the number of witnesses in each location. *Gates Learjet,* 743 F.2d at 1335. Instead, a court considering this factor should examine "the materiality and importance of the anticipated witnesses' testimony and then determine[ ] their accessibility and convenience to the forum." *Id.* at 1335–36.

¶ 14 For the most part, the Mexican witnesses the plaintiffs identified were the police who examined the accident scene and the medical personnel who treated the injuries resulting from the accident. But these individuals did not see the accident happen (the only witnesses to the accident were plaintiffs themselves). Moreover, plaintiffs disclosed translated copies of the accident reports and medical records. If, after reviewing the records, defendants desire to take testimony from Mexican police or medical personnel, they may do so pursuant to the Hague Convention.[5] Defendants made no showing that under the circumstances, the testimony of those witnesses is so material and important that the case should be dismissed because they may not be compelled to testify in person in Arizona.

¶ 15 The record discloses that shortly before getting underway the day of the accident, Pozo Parra stopped to "check [her] vehicle's tires" at a tire shop in San Luis, Sonora. Defendants argue the Mexican tire shop may have critical evidence concerning the tire at issue, but do not explain why that evidence may not be obtained pursuant to Hague Convention mechanisms.[6]

¶ 16 On the other hand, the tire is located in Arizona and the witnesses whose testimony is likely to be more material to the key issues in the case—plaintiffs and the multitude of witnesses, lay and expert, who will testify about the design and manufacture of the tire—presumably would be available to testify in person in an Arizona court. *See, e.g., Lueck,* 236 F.3d at 1146 ("The documents and witnesses in the United States are all under the control of Plaintiffs and Defendants, so they can be brought to court, no matter the forum.").

¶ 17 Plaintiffs observe that a case such as this commonly involves testimony from tire builders, quality control personnel, plant managers, adjustment personnel, designers and chemists, as well as expert witnesses. At the time defendants moved to dismiss, they had not yet disclosed the names of any of these witnesses, but in their disclosure statement, plaintiffs included a generic reference to defendants' current and former employees. Although the superior court's order cited the Mexican witnesses plaintiffs identified, it made no reference to the host of prospective witnesses controlled by defendants who presumably live in the United States. In addition, trial evidence will include relevant documents that bear on the

---

5. Mexico and the United States are parties to the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, *opened for signature* March 18, 1970, 23 U.S.T. 2555, 847 U.N.T.S. 231 (the "Convention"). Pursuant to Article 1 of the Convention, one country may "request the competent authority of another [country], by means of a Letter of Request, to obtain evidence, or to perform some other judicial act." Article 3 makes clear that the Convention may be used to depose witnesses located in another country (where necessary, the request shall specify among other things "the names and addresses of the persons to be examined" and "the questions to be put to the persons to be examined or a statement of the subject-matter about which they are to be examined"). Defendants argue that conducting discovery in Mexico pursuant to the Hague Convention would be costly and inconvenient. They provided no cost estimates to the superior court, however, and in any event, this argument pales when considered in light of the considerable overall expense typically incurred in defending a multiple wrongful death and injury case such as this.

6. Defendants also complain that Arizona would not be able to exercise jurisdiction over the Mexican tire shop for any third-party claim defendants might file against the shop. The premise of this argument—that the tire shop did or did not do something that would make it liable for the accident—is on this record too speculative to carry significant weight. Moreover, under Arizona law, defendants' liability is reduced to the extent they prove the fault of a designated nonparty at fault. *See State Farm Ins. Cos. v. Premier Manufactured Sys., Inc.,* 217 Ariz. 222, 172 P.3d 410 (2007) (comparative fault principles apply to strict liability claim).

tire's design and testing, government reports, other property damage claims and other lawsuits. Whether the cost of bringing those witnesses and documents to Arizona would be greater than bringing them to Sonora is a question the record does not answer and the superior court did not address. If the case is tried in Sonora, however, it is plain that the parties would have to bear the cost and inconvenience of translating into Spanish those witnesses' testimony and the many documents that may be relevant to the determination of plaintiffs' claims.

¶ 18 Defendants also argue that the opportunity to view the location of the accident weighs in favor of a Mexican forum. They do not contend, however, that anything about the roadway caused the accident. The record discloses, moreover, that defendants retained an investigator who already has photographed and studied the accident site.

¶ 19 In sum, we conclude that the most that can be taken from a balancing of the appropriate private interest factors relevant to *forum non conveniens* is that the expense of translating the testimony and documents pertaining to the tire's manufacture and design, if the case were to be litigated in Mexico, may balance the cost of obtaining discovery from the Mexican witnesses pursuant to the Hague Convention if the case were to be tried in Arizona. We acknowledge that defendants might gain some marginal benefit from being able to present testimony of the Mexican witnesses in person in a Mexican court, but given the relative immateriality of these witnesses, the superior court would have abused its discretion to conclude that based on that factor alone, the private interest factors strongly weighed in favor of dismissal.

### ii. Public interest factors.

¶ 20 The following public interest factors are among those that also should be weighed:

Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origins. Jury duty is a burden that ought

not be imposed upon the people of a community which has no relation to the litigation.... There is an appropriateness, too, in having the trial ... in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

*Cal Fed,* 156 Ariz. at 247, 751 P.2d at 563 (quoting *Gulf Oil,* 330 U.S. at 508–09, 67 S.Ct. 839). The court in *Lueck* identified the factors as (1) the local interest of the lawsuit, (2) the court's familiarity with the relevant law, (3) the burden on the local courts and juries, (4) court congestion, and (5) the costs involved in resolving the dispute. 236 F.3d at 1147.

¶ 21 Although defendants point to news articles in Sonora about the accident in contending that Sonora has an interest in the matter, it reasonably cannot be argued that Arizona lacks a significant interest in the litigation. The tire at issue was sold in Arizona to an Arizona resident; the accident killed a United States citizen and injured another and also injured a Mexican citizen residing in Arizona. Plaintiffs argue that the fact that the accident occurred in Mexico is an irrelevant happenstance, and defendants point to nothing to contradict that assertion.

¶ 22 Under these circumstances, Arizona has a significant interest in applying Arizona law to the matter. *See Bryant v. Silverman,* 146 Ariz. 41, 43, 703 P.2d 1190, 1192 (1985) (in considering choice of law, "state with the 'most significant relationship' or 'greater interest' should govern rather than the place of injury") (quoting Restatement (Second) of Conflicts of Law § 178 cmt. b); *Wendelken v. Superior Court,* 137 Ariz. 455, 458, 671 P.2d 896, 900 (1983) (citing Arizona law permitting injured plaintiff greater recovery than under Mexican law as reason Arizona had "considerable interest" in suit by Arizona domiciliary); *Garcia v. Gen. Motors Corp.,* 195 Ariz. 510, 516, ¶ 20, 990 P.2d 1069, 1075 (App.1999) ("Which forum's law applies to a particular issue depends on which forum has the most significant relationship to the issue.").[7] On the other hand, if the case were to be tried in Sonora, because Mexico follows the *lex loci*

---

7. Defendants argue that the factors against dismissal deserve less weight because plaintiffs filed

their case in Maricopa County rather than in Yuma County, where some of them reside. The

*delicti* rule for choice of law, a court there likely would apply Mexican law.[8]

¶ 23 The superior court's order dismissing the case does not reflect how or whether it considered Arizona's interest in this litigation.. Although for the reasons cited above it appears that each forum would apply its own law to the matter (meaning either forum would be familiar with the law it would apply), Arizona's significant interest in the case means that defendants may not argue that Arizonans should not have to sit as jurors in the matter or that the case should not occupy a spot on an Arizona court's docket.

¶ 24 The other relevant public interest factor is the administrative burden the litigation might impose on a congested court. Although the superior court noted this factor, its order does not reflect how it weighed it. During oral argument on their motion to dismiss, defendants produced an article describing congestion in the Maricopa County Superior Court. But "[t]he real issue is not whether a dismissal will reduce a court's congestion but whether a trial may be speedier in another court because of its less crowded docket." *Gates Learjet,* 743 F.2d at 1337 (suggesting *"forum non conveniens* doctrine should not be used as a solution to court congestion"). Absent evidence concerning the speed with which the case could be tried in the alternative forum, little weight, if any, could be given to this evidence.

¶ 25 Accordingly, we conclude defendants failed to satisfy their burden of proving the public interest factors in this case weigh strongly in favor of dismissing the litigation. To the contrary, the relevant public interest factors weigh against dismissal.

## CONCLUSION

■ ¶ 26 In a case brought by a resident, the superior court's discretion in balancing the respective private and public interests is limited by the weight it must give to the plaintiff's choice of forum. *See Cal Fed,* 156 Ariz. at 246, 751 P.2d at 562 (plaintiff's choice "should not be disturbed except for weighty reasons"). We conclude the court in this case did not accord sufficient weight to the plaintiffs' decision to file suit in Arizona, and that faulty legal premise caused it to err in finding that the private and public interests outweighed plaintiffs' choice of forum. When, as here, private interests may weigh, at most, only slightly in favor of dismissal and public interests weigh against dismissal, those factors cannot outweigh the deference we must accord the plaintiff's choice of forum. Accordingly, we reverse the judgment in defendants' favor and remand for further proceedings consistent with this opinion.[9]

CONCURRING: PETER B. SWANN, Presiding Judge and JOHN C. GEMMILL, Judge.

---

issue we address, however, is whether the litigation should be pursued in Mexico or in Arizona. Defendants do not argue that if the case is not dismissed on *forum non conveniens* grounds, it may not be maintained in Maricopa County. *See generally* Arizona Revised Statutes section 12–401 (2003) (venue).

8. *See* Boris Kozolchyk & Martin L. Ziontz, *A Negligence Action in Mexico: An Introduction to the Application of Mexican Law in the United States,* 7 Ariz. J. Int'l & Comp. L. 1, 15 (1989)

(Mexican Supreme Court adopted *lex loci delicti* principle, meaning that "where an automobile accident has taken place on a federal highway, [ ] the parties to the lawsuit are private, and the federal highway was not damaged, the applicable law will be that of the state in which the road is located").

9. Plaintiffs may recover their costs on appeal, conditioned on compliance with Arizona Rule of Civil Appellate Procedure 21.