NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

MARTHA T. ESQUER, *Petitioner/Appellant*,

*v.*

CANDELARIO ROJO RUIZ, *Respondent/Appellee*.

No. 1 CA-CV 17-0391 FC
FILED 3-6-2018

Appeal from the Superior Court in Maricopa County
No. FN2017-052056
The Honorable Jennifer C. Ryan-Touhill, Judge

**REVERSED AND REMANDED**

COUNSEL

Ortecho Law PLLC, Phoenix
By Christina C. Orizaga-Ortecho
*Counsel for Petitioner/Appellant*

Yvonne Yragui, P.C., Phoenix
By Yvonne Yragui
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Maurice Portley[1] joined.

---

**C R U Z**, Judge:

¶1        Martha T. Esquer ("Wife") appeals the superior court's order dismissing her petition for dissolution of marriage without prejudice on the grounds of *forum non conveniens*.  For the following reasons, we reverse and remand for findings consistent with this decision.

## FACTUAL AND PROCEDURAL HISTORY

¶2        Wife and Candelario Rojo Ruiz ("Husband") were married in Mexico in 1987.  The parties moved to California approximately two years later and remained there until April 2016, when Husband was laid off from work.  Husband and Wife moved to Arizona to live with their son after Husband was laid off.  After approximately three months, Husband and Wife separated and Husband moved in with his daughter from another relationship who also lived in Arizona.   About six months later, in December 2016, Husband moved back to California.

¶3        In February 2017, Wife filed a petition for dissolution of marriage in Arizona.  Approximately a month later, Husband filed for dissolution of the marriage in Sonora, Mexico.[2]  The following month, Husband moved to dismiss Wife's petition pursuant to Arizona Rule of Family Law Procedure 32(B)(2) and (5) for lack of personal jurisdiction and insufficient service of process.  With regards to jurisdiction, he argued in part that it was unreasonable and unfair for him to defend against the divorce petition in Arizona because the parties had no community property

---

[1]        The Honorable Maurice Portley, retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article 6, Section 3, of the Arizona Constitution.

[2]        Nothing in the record indicates that Wife has been served with the dissolution documents relating to the Mexico proceeding.

in Arizona, their only property was in California and Mexico,[3] and Arizona courts lacked jurisdiction to divide the parties' real property in Mexico.

**¶4**		Wife responded, arguing the superior court had personal jurisdiction over Husband but that Mexican law should apply to the division of the parties' property in Mexico. In his reply, Husband argued for the first time that even if the court determined it had jurisdiction of the divorce, it should dismiss the case due to *forum non conveniens*. He asserted Mexico would be a more convenient forum because Wife wanted the superior court to apply Mexican law to the case, Husband had filed for divorce in Mexico, the parties were married in Mexico, and the parties purchased real property titled in Wife's name in Mexico. Neither party requested factual findings pursuant to Arizona Rule of Family Law Procedure 82(A), and no hearing on the motion occurred.

**¶5**		After receiving the parties' response and reply, the superior court simply dismissed the action without prejudice due to *forum non conveniens*. It did not make any findings, explain its decision, or specify whether it had determined California or Mexico was the alternative viable and more convenient forum.

**¶6**		Wife timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).

## DISCUSSION

**¶7**		Wife argues the superior court abused its discretion by dismissing her petition due to *forum non conveniens* because: (1) Husband did not provide proof of an alternative viable and more convenient forum; (2) the court failed to give deference to Wife's choice of forum; and (3) the court failed to weigh the public and private interests necessary for dismissal due to *forum non conveniens*.

I.		Standard of Review

**¶8**		The decision to decline jurisdiction due to *forum non conveniens* is highly discretionary, therefore "we will not overturn the [superior] court's ruling on the application of *forum non conveniens* absent an abuse of discretion." *Parra v. Cont'l Tire N. Am., Inc.*, 222 Ariz. 212, 214-

---

[3]		The parties agree the only property in Mexico is real property Husband purchased and titled in Wife's name in 2000.

15, ¶ 8 (App. 2009) (internal quotations and citations omitted). The court abuses its discretion "when it fails to balance the relevant factors" related to the application of *forum non conveniens*. *Id.* at 215, ¶ 8.

II.    *Forum Non Conveniens*

**¶9**    *Forum non conveniens* is "an exceptional tool to be employed sparingly rather than a doctrine that compels plaintiffs to choose the optimal forum for their claim." *Id.* (quoting *Ravelo Monegro v. Rosa*, 211 F.3d 509, 514 (9th Cir. 2000)). To obtain dismissal due to *forum non conveniens*, the movant must show there is an available and adequate forum to hear the case and that, "on balance, the alternative forum is a more convenient place to litigate the case." *Id.* at 215, ¶¶ 9-10.

**¶10**    "[A]n alternative forum ordinarily exists when the defendant is amenable to service of process in the foreign forum." *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1143 (9th Cir. 2001) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n.22 (1981)). When determining whether the alternative forum is more convenient, the court must "balance private and public reasons of convenience." *Parra*, 222 Ariz. at 215, ¶ 10. Relevant private interests are "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; . . . and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Cal Fed Partners v. Heers*, 156 Ariz. 245, 246 (App. 1987) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). Public interests include court congestion, the prospect of imposing jury duty on a community that lacks a relationship to the litigation, and the "appropriateness . . . in having the trial . . . in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself." *Id.* at 247. "Where factors of convenience are closely balanced, the plaintiff is entitled to its choice of forum." *Id.*

**¶11**    The superior court abused its discretion by implicitly finding Husband had shown the availability of an alternative forum. Although Father filed for divorce in Mexico while Mother's petition was pending, nothing in the record shows Mother was served in Mexico, neither party provided any information regarding whether they are amenable to process in Mexico, and neither party has agreed to stipulate to the jurisdiction of a Mexican court. *Cf. Avila v. Chamberlain*, 119 Ariz. 369, 372 (App. 1978) (stating the requirement of an alternate forum is "satisfied by a dismissal conditioned upon the defendant's stipulation to submit to the jurisdiction of the appropriate court"). Father accordingly failed to demonstrate the

availability of an adequate alternative forum, and the superior court abused its discretion by implicitly finding he had done so.

¶12  Even assuming, *arguendo*, that Husband demonstrated the availability of an adequate alternative forum, the superior court abused its discretion by implicitly finding Husband had presented facts and argument sufficient to overcome the deference properly accorded to Wife's decision to file suit in Arizona. Husband raised issues that were sufficient to require further factual development before dismissal, such as Husband's purchase of a vehicle in California and the existence of his 401(k) in California, but he did not show that a different forum such as Mexico would be able to properly account for an equitable division of that property. *See* A.R.S. § 25-211(A)(1) (providing all property acquired by either spouse during the marriage is community property except property acquired by gift, devise, or descent); *see also Johnson v. Johnson*, 131 Ariz. 38, 41 (1981) ("[I]t is well settled in Arizona and elsewhere that pension rights, whether vested or non-vested, are community property insofar as the rights were acquired during marriage, and are subject to equitable division upon divorce."). Additionally, the superior court failed to hold hearings to develop these factual issues before dismissing, and it failed to provide any explanation, commentary, or findings within its order dismissing Mother's petition.

¶13  Although we may review the record to determine whether substantial evidence supports the court's dismissal, we cannot assess the court's application of *forum non conveniens* because neither party requested findings of fact and the court simply dismissed the petition. *Compare Parra*, 222 Ariz. at 215, ¶ 12 (reviewing the record to determine whether substantial evidence supported the court's dismissal under *forum non conveniens* where superior court had recited the relevant factors and held oral argument on the motion to dismiss) *with First Nat. Bank & Tr. Co. v. Pomona Mach. Co.*, 107 Ariz. 286, 290 (1971) (noting the "determination cannot be made on a factually incomplete record," where *forum non conveniens* had not been developed at the trial level). Although under Rule 52(a), Arizona Rules of Civil Procedure, the superior court was not obligated to make factual findings in the absence of a proper request, or to hold an evidentiary hearing on Husband's motion, because the court simply dismissed the petition for dissolution without any factual findings and without holding a hearing, the record is insufficient for us to assess the court's consideration of the *forum non conveniens* factors and the weight it afforded them. We accordingly cannot say the court properly balanced the relevant factors, and we hold the superior court abused its discretion by

dismissing Wife's petition due to *forum non conveniens*. Therefore, we reverse and remand for proceedings consistent with this decision.

III.     Costs and Fees on Appeal

¶14     Wife requests her reasonable attorneys' fees and costs, but she does not "specifically state the statute, rule, decisional law, contract, or other authority for an award of attorneys' fees" as required by Arizona Rule of Civil Appellate Procedure 21(a)(2).  We accordingly decline to award fees on that basis.

**CONCLUSION**

¶15     For the foregoing reasons, we reverse the superior court's order dismissing Wife's petition for dissolution on the grounds of *forum non conveniens* and remand for proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED:  AA