NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

ANTHONY BALDERE, *Petitioner/Appellant*,

*v.*

TRACY STARK, *Respondent /Appellee*.

No. 1 CA-CV 17-0458 FC
FILED 5-17-2018

Appeal from the Superior Court in Maricopa County
No.  FC 2013-090185
The Honorable Stephen M. Hopkins, Judge

**AFFIRMED**

COUNSEL

Bishop Law Office PC, Phoenix
By Daniel P. Beeks
*Counsel for Petitioner/Appellant*

Davis Miles McGuire Gardner PLLC, Tempe
By Douglas C. Gardner
*Counsel for Respondent/Appellee*

## MEMORANDUM DECISION

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge James P. Beene joined.

**C A M P B E L L**, Judge:

¶1             Anthony Baldere ("Father") appeals the family court's denial of his motion for a new trial or to alter or amend the judgment, and the award of attorney fees to Tracy Stark ("Mother"). For the reasons explained, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2             In 2014 the family court entered a decree of dissolution dissolving the couple's marriage. The decree incorporated a stipulated agreement between the parties regarding spousal support, *see* Ariz. R. Fam. Law P. 62, and required Father to pay $4,000 a month in spousal support for a period of seven years, and $1,700 per month in child support.[1]

¶3             In November 2016, Father served Mother with a petition to modify his spousal and child support obligations, alleging substantial and continuing changes. Father cited a decrease in his monthly income, from $26,467 to $14,843, after his Peru job ended in 2015 and he took a job in Arizona. Based on his return to Arizona, Father's parenting time had also significantly increased.

¶4             Mother opposed the modifications. She argued Father's support obligations were based on his historical average income, not his Peru salary, and thus, there had been no substantial and continuing change in circumstances that would warrant a modification. Father replied and argued his spousal support obligation was based on his Peru salary, not his historical average income. He also argued he had additional monthly expenses because he remarried.

¶5             The family court held an evidentiary hearing where the only evidence of current income provided by Father was an affidavit of financial information and an estimate of his 2016 taxes. Father conceded that during

_____

[1] The stipulated agreement stated that spousal support could be modified based on substantial and continuing changes.

2

the 2014 dissolution proceedings the parties were aware that his job in Peru was temporary, had yielded a higher salary than what he previously earned, and he expected his income to decrease when the job ended. He further testified that he was seeking to have the family court retroactively modify his spousal support obligation to $1,250 a month.

¶6 Father also acknowledged he was aware that the controlling child support order was the 2014 decree, requiring him to pay $1,700 a month. Nonetheless, he unilaterally reduced his child support payments around March 2016. He testified his child support obligation "was already modified" in February 2016, per an agreement with Mother, and, based on that agreement, he was seeking an order that "retroactive[ly]" modified his obligation. Mother testified she was agreeable to reducing Father's child support, but they had been unable to reach a final agreement because Father insisted that any modification start prior to the date of filing of his petition for modification.

¶7 The family court later entered an under advisement ruling. The court denied Father's request for modification of spousal support. It found Father failed to show substantial and continuing changes based on several factors: (1) both parties knew Father's job in Peru was temporary when they voluntarily entered into the stipulated agreement that Father would incur the $4,000 a month spousal support obligation for seven years; (2) Father failed to provide any independent confirmation of his income at the evidentiary hearing; (3) Father's current alleged income of $14,200 to $14,800 was not substantially different from the income he alleged in the 2014 divorce proceedings of $15,917 a month; (4) there was no evidence Mother was underemployed; and (5) any increase in Father's living expenses was immaterial. Applying the child support guidelines, the court reduced Father's child support to $305.30 a month, "effective December 1, 2016." The court also awarded Mother her reasonable attorney fees.

¶8 Father moved for a new trial or to alter or amend the judgment pursuant to Arizona Rule of Family Law Procedure 83(A) (the "Rule 83 Motion"). He argued the court "failed to apply the equitable doctrines of estoppel and/or waiver in making the Ruling, and that if such doctrines [were] properly applied, Father [was] eligible to modify spousal maintenance . . . and to avoid any child support arrearages for the period from March 1, 2016 to December 1, 2016" (the "equitable defenses"). He attached a decree of dissolution support modification form. He also attached "exhibits" consisting of letters and e-mails he marked, but never admitted into evidence at the evidentiary hearing (the "unadmitted exhibits"). He argued the unadmitted exhibits demonstrated that in 2014

Mother agreed the loss of the Peru job would constitute a substantial and continuing change and that Mother had agreed to modify child support in 2016, and thus, Father should not be subject to the arrearage payments.

**¶9**      The family court denied Father's motion. It later entered a final judgment for attorney fees, awarding Mother her full attorney fees of $19,255.50.

## DISCUSSION

### I.      Denial of Rule 83 Motion

**¶10**      We review the family court's denial of a Rule 83 motion for an abuse of discretion. *Pullen v. Pullen*, 223 Ariz. 293, 296, ¶ 10 (App. 2009). The family court found the motion did not comply with Rule 83 because the "rules do not permit a party to wait until after an adverse final order, and then present new evidence or arguments." Specifically, it found Father: (1) failed to raise any argument regarding the equitable defenses at the evidentiary hearing; (2) did not "even insinuate" the equitable defenses could not have been raised; (3) relied on attached unadmitted exhibits never presented at the hearing; (4) did not allege the unadmitted exhibits were "newly discovered"; and (5) did not cite "any evidence that is of record" before the court. The family court also rejected Father's arguments on the merits.

**¶11**      As an initial matter, we agree with the family court that prior to the Rule 83 Motion, Father did not raise any arguments regarding the equitable defenses. Therefore, Father has waived these issues on appeal. *Conant v. Whitney*, 190 Ariz. 290, 293 (App. 1997) (issues raised for the first time in a motion for a new trial are generally waived on appeal); *see also Kent v. Carter-Kent*, 235 Ariz. 309, 313, ¶ 20 (App. 2014) (ex-wife could not use motion for new trial as a vehicle for a revaluation of ex-husband's firm, when remedy was not at issue in the underlying order).

**¶12**      Father cites *Parra v. Cont'l Tire N. Am., Inc.*, 222 Ariz. 212, 214 n.2, ¶ 7 (App. 2009), and argues the general rule of waiver is not applied when a party directly appeals the denial of a motion for a new trial. In *Parra*, however, the issue raised in the motion for a new trial, Ariz. R. Civ. P. 59, had been raised at oral argument and was based on one of the enumerated grounds for relief under the applicable rule.[2] *Parra*, 222 Ariz. at 214, ¶¶ 6-7.

---

[2] In *Parra*, the plaintiffs moved for a new trial under current Arizona Rule of Civil Procedure 59(a)(1)(H) (granting relief when verdict, decision,

Nothing in the record here indicates the equitable defenses were presented to the family court prior to the Rule 83 Motion, nor did Father allege any of the Rule 83 grounds for relief applied. *See* Ariz. R. Fam. Law P. 83(A) (identifying six grounds for relief). As such, the considerations in *Parra* do not apply here.

**¶13** Father attempts to characterize his omissions during the evidentiary hearing proceedings as simply a failure to use "technical legal terms." He argues he preserved the equitable defenses because the family court heard evidence regarding the informal agreement to reduce child support, and in his reply, he "quoted from two emails sent by Mother's former attorney" (both taken from the unadmitted exhibits) which demonstrate Mother's agreement that the loss of his temporary Peru job would constitute a substantial and continuing change. Neither provides any support for Father's argument.[3] Moreover, the evidence and testimony at the evidentiary hearing belie this argument: Father's position on the existence of substantial and continuing changes focused on the loss of his Peru job, his remarriage, the informal agreement, *see supra* ¶¶ 3-7, Mother's ability to find better paying employment, and the veracity of her affidavit of financial information.[4] Father repeatedly requested as relief a court ordered retroactive modification of his support obligations—a substantively different form of relief than a remedy based on the equitable defenses of waiver and estoppel. *Coburn v. Rhodig*, 243 Ariz. 24, 26-27, ¶¶ 10-12 (App. 2017). Accordingly, Father has waived on appeal any argument regarding the equitable defenses.

---

findings of fact, or judgment is not supported by evidence or is contrary to law). We may look to Rule 59 of the Arizona Rules Civil Procedure because Rule 83 is based on that rule. Ariz. R. Fam. P. 83 comm. com.

[3] Father referred to the quoted portions in his reply to support his argument that the 2014 spousal support obligation was based on his Peru salary, not his historical average income.

[4] For example, during Father's direct examination of Mother, he did not move to admit any of the unadmitted exhibits that he relied upon in his motion, nor did he question Mother about estoppel or waiver. Instead, Father examined Mother regarding why she had not sought a higher paying job and challenged individual items in her affidavit of financial information.

**¶14**          We further note that even if Father had not waived these issues on appeal, the family court did not abuse its discretion when it denied the Rule 83 Motion. Under Rule 83(C)(1), a motion for a new trial "shall specify generally the grounds upon which the motion is based." Father's motion did not identify any ground for relief under Rule 83(A).[5] As discussed, Father raised the equitable defenses and supported his arguments with unadmitted exhibits, in existence at the time of trial, that he believed demonstrated waiver and estoppel. Father could not have argued the unadmitted exhibits were "newly discovered" as required by the rule; he marked them as exhibits at the evidentiary hearing but never moved to admit them into evidence. Ariz. R. Fam. Law P. 83(A)(4) (new evidence is "material evidence, newly discovered, which with reasonable diligence could not have been discovered and produced at the trial"). Thus, even absent waiver on appeal, the failure to provide any evidence in the court's record, or allege any valid ground for relief, provided sufficient bases for the family court to deny the Rule 83 Motion. Therefore, we need not, and do not, address the family court's other reasons for rejecting the Rule 83 Motion.

## II.      Attorney Fees Award

**¶15**          We review an award of attorney fees for an abuse of discretion. *Murray v. Murray*, 239 Ariz. 174, 179, ¶ 20 (App. 2016). Pursuant to A.R.S. § 25-324(A), the family court awarded Mother attorney fees based on a finding of a disparity in the parties' financial resources and that Father took an unreasonable position in the proceedings.

**¶16**          The family court found that before taking into account spousal maintenance, there existed a substantial disparity in the parties' incomes, with Father earning "[b]efore spousal maintenance is paid . . . almost three times as much as Mother." Father argues the family court should have only considered their income after spousal support was deducted from his earnings and added to Mother's income. Had the court

---

[5] For the first time on appeal, Father identifies four grounds under Rule 83(A), which he argues entitle him to relief. Father has waived these arguments. *Henderson v. Henderson*, 241 Ariz. 580, 586, ¶ 13 (App. 2017) (arguments raised for the first time on appeal are normally waived).

done so, Father's take home pay would still be much greater than Mother's — even under his own estimates, there remains roughly a $30,000 disparity in the parties' income. Any disparity in income is a factor the court must consider in entering a fee award, and thus, we find no abuse of discretion here. *See Magee v. Magee*, 206 Ariz. 589, 592, ¶ 12 (App. 2004) (award of fees appropriate when income disparity exists).

¶17 After the court considers the financial resources of the parties, the court turns to the second factor set forth in the statute — the reasonableness of the positions taken. In this matter, the family court found Father had acted unreasonably by: insisting on a retroactive modification date for child and spousal support; failing to offer competent evidence to support modification of spousal support; rejecting settlement offers that were reasonable and more favorable than the family court's ruling; and taking a position inconsistent with Arizona law.

¶18 Father adamantly disagrees with the court, but none of his arguments are persuasive. First, Father asserts that under the equitable defenses his position on arrearages was reasonable. As discussed, Father did not raise the equitable defenses at the evidentiary hearing. *Supra* ¶¶ 11-13. Second, Father argues it was not unreasonable to reject Mother's settlement offer because Mother would only agree to reduce child support starting the month after she was served with the petition for modification. The family court may consider a party's settlement position in determining reasonableness. *Gutierrez v. Gutierrez*, 193 Ariz. 343, 351, ¶ 34 (App. 1998). Here, Father rejected Mother's settlement offer and instead sought to obtain court-ordered retroactive modifications, *prior* to service of the petition, which is in fact prohibited by Arizona law. *See* A.R.S. § 25-327(A); *Guerra v. Bejarano*, 212 Ariz. 442, 444, ¶ 7 (App. 2006). Third, Father argues such conduct was nonetheless reasonable because Mother had not "disclosed" her position that the loss of his Peru job did not constitute a substantial and continuing change in circumstances. Father grossly misstates the record. *Supra* ¶ 4.

¶19 Finally, Father contends that even if it was unreasonable to reject the settlement offer, an award of attorney fees prior to March 1, 2017 (the date of Mother's settlement offer) was inappropriate. We disagree. Father moved to modify spousal support but offered little evidence of his income and admitted the impending loss of his Peru job was known at the time the decree was entered. *Supra* ¶¶ 5, 7. Although the family court did modify child support, Father's demands regarding arrearages were unreasonable.

**CONCLUSION**

**¶20** For the foregoing reasons, we affirm the family court's denial of the Rule 83 motion and the court's award of attorney fees to Mother. In our discretion, we grant Mother her costs and attorney fees on appeal, A.R.S. § 25-324, contingent upon her compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:   AA