NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

CHANT H. MANOUKIAN,
*Petitioner*,

v.

THE HONORABLE MARGARET B. LABIANCA,
Judge of the SUPERIOR COURT OF THE STATE OF ARIZONA,
in and for the County of MARICOPA,
*Respondent Judge*,

KATHRYN J. MANOUKIAN,
*Real Party in Interest*.

No. 1 CA-SA 20-0202
FILED 11-5-2020

Petition for Special Action from the Superior Court in Maricopa County
No. FC2020-001453
The Honorable Margaret LaBianca, Judge

**JURISDICTION ACCEPTED/RELIEF GRANTED**

COUNSEL

Perkins Coie, LLP, Phoenix
By Paul F. Eckstein, Thomas D. Ryerson, Matthew R. Koerner
*Co-Counsel for Petitioner*

Franks Law Office, PC, Phoenix
By Todd Franks, Robert C. Houser, Jr., Sarah M. Cool
*Co-Counsel for Petitioner*

Jaburg & Wilk, PC, Phoenix
By Kathi M. Sandweiss, Roger L. Cohen
*Counsel for Real Party in Interest*

---

**MEMORANDUM DECISION**

Presiding Judge James B. Morse Jr. delivered the decision of the Court, in which Judge Maria Elena Cruz and Judge Paul J. McMurdie joined.

---

**M O R S E**, Judge:

¶1        Chant H. Manoukian ("Husband") seeks special action relief from the superior court's order dismissing his petition for dissolution of his marriage to Kathryn J. Manoukian ("Wife") on the grounds of *forum non conveniens*.  For the following reasons, we accept jurisdiction and grant relief.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        Husband and Wife married in April 1995, in Paradise Valley. Husband is 84 years old, suffered a stroke in February 2020, and has lived in Arizona for at least 40 years.  Wife is 49 years old and resides in Tennessee with the couples' minor child ("Child").  Before their marriage, Husband and Wife entered a "Prenuptial and Cohabitation Agreement" ("Agreement").  The Agreement is governed by Arizona law.

¶3        In March 2020, Husband petitioned in Arizona for dissolution of his marriage to Wife ("Petition").  The Petition acknowledged that Arizona has jurisdiction over the divorce but does not have jurisdiction over any child-custody or support proceedings, which would occur in Tennessee.

¶4        After Husband filed the Petition, Wife sought Conciliation Court Services claiming that she and Husband could reconcile their differences.  The Conciliation Court stayed the dissolution proceedings until May 2020.  *See* A.R.S. § 25-381.18.  Husband sought to dismiss the conciliation proceedings.  Wife opposed dismissal saying that she did "not want a divorce," did "not want to break our family up," and "would like to [proceed] with conciliation services."  Four days later, Wife filed for divorce in Tennessee claiming "irreconcilable differences."

¶5        On May 14, 2020, Wife moved to dismiss the Arizona proceedings for *forum non conveniens*. Wife claimed "Tennessee is the most convenient forum for deciding all issues between the parties[,]"citing (1) jointly owned real property in Tennessee, (2) the parties' relative resources, and (3) judicial economy.  Wife noted that "[o]ne of the issues will be the

validity of the" Agreement.  Husband countered that (1) the Agreement is governed by Arizona law, (2) nearly all property to be addressed is located in Arizona, and (3) the evidence necessary to resolve disputes, including prospective witnesses, is located in Arizona.

¶6 The superior court granted Wife's motion to dismiss.  The court's minute entry states:

> Taking as true for purposes of this Motion Husband's allegations of private and public factors regarding convenience and in consideration of the undisputed facts that this Court does not have jurisdiction to decide parenting and financial support issues concerning the parties' child and that there is a divorce case now pending in a Tennessee court that does have jurisdiction concerning the parties' child,

> THE COURT FINDS the proceedings in Arizona and Tennessee would be significantly duplicative, and the Tennessee forum is on balance a far more convenient place to litigate this case pursuant to *Parra v. Continental Tire North America, Inc.*

¶7 The superior court denied Husband's motion to alter or amend the judgment.  Husband then sought special action review in this Court.

## JURISDICTION

¶8 "Ordinarily, this court does not accept special action jurisdiction in a case in which a final judgment has been entered." *Tanque Verde Unified Sch. Dist. No. 13 of Pima Cty. v. Bernini*, 206 Ariz. 200, 203, ¶ 3 (App. 2003) (corrected).  However, special action jurisdiction "is highly discretionary" and is appropriate "when no 'equally plain, speedy, and adequate remedy by appeal' exists." *State ex rel. Romley v. Fields*, 201 Ariz. 321, 323, ¶ 4 (App. 2001) (quoting Ariz. R.P. Spec. Act. 1(a)).  Jurisdiction is also appropriate when a traditional appeal would not provide an adequate remedy due to the passage of time.  *See Hull v. Albrecht*, 192 Ariz. 34, 36, ¶ 7 (1998) (accepting jurisdiction, in part, "because . . . '[a] prompt resolution is needed'") (citation omitted).  Special action jurisdiction is warranted here because a court in Tennessee has accepted jurisdiction of a separate divorce proceeding based on the Arizona superior court's dismissal.  A direct appeal is unlikely to provide timely or adequate relief.  *See Fragoso v. Fell*, 210 Ariz. 427, 429, ¶ 3 (App. 2005) (accepting special action review where the issue would otherwise become moot); *Tanque Verde Unified*, 206 Ariz. at

203, ¶ 4 (accepting special action review when "even an accelerated appeal would be inadequate"). Accordingly, we accept special action jurisdiction.

**DISCUSSION**

**¶9** The decision to dismiss due to *forum non conveniens* is highly discretionary, and "we will not overturn the [superior] court's ruling on the application of *forum non conveniens* absent an abuse of discretion." *Parra v. Cont'l Tire N. Am., Inc.*, 222 Ariz. 212, 214-15, ¶ 8 (App. 2009) (citation and internal quotation marks omitted). The court abuses its discretion "when it fails to balance the relevant factors" related to the application of *forum non conveniens*. *Id.* at 215, ¶ 8.

**¶10** *Forum non conveniens* is "an exceptional tool to be employed sparingly rather than a doctrine that compels plaintiffs to choose the optimal forum for their claim." *Id.* at 214, ¶ 8 (citation and internal quotation marks omitted). "A defendant invoking *forum non conveniens* ordinarily bears a heavy burden in opposing the plaintiff's chosen forum." *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007).

**¶11** To obtain dismissal due to *forum non conveniens*, there first must be "an available and adequate alternative forum to hear the case." *Para*, 222 Ariz. at 215, ¶ 9. Second, the movant must show that "on balance, the alternative forum is a more convenient place to litigate the case." *Id.* at ¶ 10 (quoting *Coonley & Coonley v. Turck*, 173 Ariz. 527, 532 (App. 1993)). "This requires the court to balance private and public 'reasons of convenience.'" *Id.* (quoting *Cal Fed Partners v. Heers*, 156 Ariz. 245, 246-47 (App. 1987)). "Where factors of convenience are closely balanced, the plaintiff is entitled to its choice of forum." *Id.* (quoting *Cal Fed Partners*, 156 Ariz. at 248). "This is because unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Id.* (citation and internal quotation marks omitted).

**¶12** The parties agree that Tennessee is an available forum. Therefore, the first part of the analysis is not in dispute. The issue is whether the superior court correctly applied the second factor. The superior court's ruling purports to take Husband's allegations regarding convenience as "true," and found that "the Tennessee forum is on balance a far more convenient place to litigate this case . . . ."

**¶13** In Husband's response to the motion to dismiss, he identified private and public factors favoring Arizona as a more convenient forum. Notably, Husband asserted that Arizona witnesses, property, and assets, and the Arizona choice of law provisions in the Agreement all favored

4

allowing the case to proceed in Arizona.[1] *See Coonley & Connley*, 173 Ariz. at 534 (noting that choice of law provisions are a public factor favoring the forum of the controlling law). Except to state that "proceedings in Arizona and Tennessee would be significantly duplicative [,]" the superior court's ruling does not explain how it accepted Husband's allegations as true but found Tennessee to be a more convenient forum. For example, Husband contested Wife's assertion that the real property in Tennessee is jointly owned. Husband also argued that if the Agreement is enforced, there was no significant potential for overlap between the divorce case and the custody/support case because the only contested issues will be the child custody and support matters. Husband also emphasized that the evidence and witnesses relating to the enforceability of the Agreement are in Arizona.

¶14        The superior court's ruling does not demonstrate any effort to balance the lone public factor identified in the order (the potential for duplication of proceedings) against the public factor identified by Husband (interpreting Arizona law in Arizona courts). Nor does the superior court's order explain how it accepted Husband's allegations of private factors as accurate (Arizona properties, witnesses, and evidence) and balanced them against any aspect other than duplicating proceedings. Nor does the court's order offer any suggestion that it accorded deference to Husband's decision to file in Arizona. *See Cal Fed Partners*, 156 Ariz. at 246 (stating that plaintiff's "choice of forum should not be disturbed except for weighty reasons") (quoting Restatement (Second) of Conflicts of Law § 84 cmt. c (1971)). Instead, the superior court implicitly rejected Husband's allegations, including his allegation that there was little risk of duplication of proceedings, and found the possibility of duplication was controlling. Thus, the superior court abused its discretion because it did not accord deference to Husband's forum choice and failed to balance all relevant factors. *See Parra*, 222 Ariz. at 215, ¶¶ 8, 11 (finding an abuse of discretion when the court "fails to balance the relevant factors" and the facts and argument were not "sufficient to overcome the deference properly accorded to the plaintiffs' decision to file suit in Arizona").

¶15        While we may review the record to determine whether substantial evidence supports dismissal, we cannot assess the superior court's application of *forum non conveniens* because neither party requested

---

[1]        In his petition for special action, Husband also identifies his age and health as factors supporting litigation in Arizona. Although these facts were presented to the superior court, Husband did not assert them as reasons to deny Wife's motion.

findings of fact. *Compare Parra*, 222 Ariz. at 215, ¶ 12 (reviewing the record to determine whether substantial evidence supported the court's dismissal under *forum non conveniens* where the superior court had recited the relevant factors and held oral argument on the motion to dismiss) *with First Nat'l Bank & Tr. Co. v. Pomona Mach. Co.*, 107 Ariz. 286, 290 (1971) (noting the "determination cannot be made on a factually incomplete record," where *forum non conveniens* had not been developed at the trial level). The superior court was not obligated to make factual findings in the absence of a proper request, *see* Ariz. R. Fam. Law P. 82, or to hold an evidentiary hearing on Wife's motion. But because the court dismissed the petition for dissolution without factual findings or a hearing, the record is insufficient for us to assess the court's consideration of the *forum non conveniens* factors and the weight it afforded them. In the absence of either undisputed facts or fact-finding by the superior court, we decline to weigh the factors on appeal. *See Parkway Bank & Tr. Co. v. Zivkovic*, 232 Ariz. 286, 292, ¶ 22 (App. 2013) (amended) (remanding to the superior court to reassess and weigh competing choice of law factors).

## CONCLUSION

¶16      For the foregoing reasons, we vacate the superior court's order dismissing Husband's petition for dissolution on the grounds of *forum non conveniens* and remand for proceedings consistent with this decision. In our discretion, we deny Wife's request for attorney fees.

